# Linklaters

Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone (+1) 212 903 9000
Facsimile (+1) 212 903 9100
adam.lurie@linklaters.com

October 13, 2022

**FILED VIA ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:    Shaughnessy v. Nespresso USA, Inc., No. 1:22-cv-06815**

Dear Judge Buchwald,

We respectfully submit this letter on behalf of Defendant Nespresso USA, Inc. ("Nespresso") under Individual Rule 2.B to request a pre-motion conference in anticipation of filing a motion to dismiss the Class Action Complaint (ECF No. 1) in its entirety.

## I.  Overview of Plaintiff's Class Action Complaint

Plaintiff is a citizen of Massachusetts who purchased a Nespresso Vertuo Next Premium Coffee Machine ("Machine") in July 2020. Compl. ¶ 3. More than two years later, Plaintiff filed this putative class action alleging that the Machine's limited warranty ("Limited Guarantee") is deficient.[1] Plaintiff does not allege that she experienced any actual harm or that Nespresso has ever rejected a claim under the Limited Guarantee, which is now expired by more than a year. Instead, Plaintiff asserts a claim only that the Limited Guarantee purportedly fails to comply with the "anti-tying provisions" of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2302(c) (the "MMWA").

The Complaint incorporates and relies on the Machine's user manual ("Manual") that includes the Limited Guarantee.[2] Compl. ¶ 17. Plaintiff does not claim the Limited Guarantee is expressly conditioned on the use of any Nespresso brand articles or services in violation of this statute. Plaintiff instead cites cherry-picked statements from the Manual's safety instructions to manufacture theories that the warranty "implied" that it was conditioned on use of (i) Nespresso Vertuo brand capsules, and (ii) authorized service representatives. *Id.* ¶¶ 59-64.

---

[1]  Nespresso accepts the allegations as true for purposes of this letter and the motion to dismiss only.

[2]  Nespresso, *Vertuo Next My Machine* [User Manual], https://www.nespresso.com/shared_res/mos/docs/us/US_VERTUO_NEXT_USER_MANUAL.pdf (last viewed Oct. 13, 2022).

Plaintiff brings claims under the MMWA and state common law claims for unjust enrichment, fraud, and fraudulent omission (the "Common Law" claims). Plaintiff also seeks a declaratory judgment. Plaintiff purports to represent a nationwide Class and a Massachusetts Sub-Class of purchasers of Nespresso Vertuo products.

## II. Anticipated Grounds for Nespresso's Motion to Dismiss

Plaintiff's claims are baseless and fail as a matter of law. The Machine is a unique and innovative product designed to produce reliable and exceptional coffee for consumers. Nespresso plays by the rules and simply seeks to ensure consumer safety. Nespresso anticipates filing a motion to dismiss the Complaint on the following grounds.

***Plaintiff Lacks Article III Standing because she alleges no actual injury.*** Plaintiff fails to allege a cognizable injury-in-fact, as required by Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff does not allege that the Machine had a defect, her coverage was denied, or that she otherwise did not receive the full benefit of her bargain. Plaintiff makes conclusory allegations of harm that she would not have purchased a Machine with a warranty that purportedly fails to comply with the law. Compl. ¶¶ 66-67. Courts have held this is plainly insufficient. *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 192 n.7 (2d Cir. 2020); *Aponte v. Ne. Radiology, P.C.*, No. 21-cv-5883 (VB), 2022 WL 1556043, at *4 (S.D.N.Y. May 16, 2022). Plaintiff further does not provide any concrete facts to support any allegation that she paid an inflated price for the Machine or Vertuo brand capsules, including as to the availability of cheaper third-party capsules for use in the Machine. Such vague, unsupported allegations of financial harm are insufficient. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

***The Court lacks subject matter jurisdiction over Plaintiff's MMWA claim***. The MMWA states that "no claim shall be cognizable" where a purported class does not include at least 100 named plaintiffs and the aggregate amount in controversy is not more than $50,000. 15 U.S.C. § 2310(d)(3). The Complaint here names only Abigail Shaughnessy, who purchased one Machine for $121.54 and "several" Nespresso Vertuo branded coffee capsules. Compl. ¶¶ 3-4. Plaintiff cannot evade or override the plain language of the MMWA by asserting subject matter jurisdiction under the Class Action Fairness Act of 2005. *Bayne v. Target Corp.*, No. 21-cv-05938 (MKV), 2022 U.S. Dist. LEXIS 172973, at *11-12 (S.D.N.Y. Sept. 23, 2022).

***Plaintiff fails to state a valid tying claim under section 102(c) of the MMWA.*** Under the "anti-tying provisions" of the MMWA, a warrantor may not "condition" its warranty on the consumer using "any article or service . . . identified by brand, trade, or corporate name." 15 U.S.C. § 2302(c). Plaintiff claims Nespresso unlawfully "tied" the Machine's warranty to the use of Nespresso Vertuo capsules and Nespresso repair services. Compl. ¶ 22. However, by its plain terms, the Limited Guarantee contains no such conditioning. To overcome this fatal deficiency, Plaintiff claims that the "tying" in the Manual is "implied." Compl. ¶ 20. Plaintiff's "implied" condition theories fail because they are based on a misleading and cherry-picked reading of the

Manual, and ignore that: (a) the actual language does not involve any improper tying; (b) the terms of the MMWA and related FTC Guidance, 16 C.F.R. § 700.10(c), expressly permit the language that Plaintiff claims are improper; and (c) well-settled law requires Nespresso to warn consumers about safety risks. *Anderson v. Hedstrom Corp.*, 76 F. Supp. 2d 422, 439 (S.D.N.Y. 1999). Further, Plaintiff has not shown actual damage where "some additional injury has occurred as a result of a violation of the MMWA." *McGarvey v. Penske Auto. Grp., Inc.*, No. 08-cv-5610 (JBS/AMD), 2011 WL 1325210, at *7 (D.N.J. Mar. 31, 2011) (merely agreeing a warranty with a tying provision does not support redress under the MMWA), *aff'd*, 486 F. App'x 276 (3d Cir. 2012).

**Plaintiff fails to plead the Common Law claims with sufficient particularity or otherwise state valid claims.** For each of these claims, Plaintiff must satisfy Rule 9(b)'s stringent pleading requirement to plead fraud with particularity. Plaintiff fails to, among other things, allege facts that give rise to "a strong inference of fraudulent intent." *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d. 268, 281 (S.D.N.Y. 2021). Plaintiff further fails to allege more than conclusory facts to state a claim under the Common Law claims, including (i) a misrepresentation or omission of material fact, or (ii) reasonable reliance. *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club*, 918 N.E.2d 36, 47 (Mass. 2009). Plaintiff's unjust enrichment claim also fails as duplicative because she has an adequate remedy at law. *Santagate v. Tower*, 833 N.E.2d 171, 176 (Mass. App. Ct. 2005).

**Plaintiff cannot seek a declaratory judgment.** Plaintiff lacks an "actual controversy that is ripe for determination" on whether she can take full advantage of the Machine's warranty. Plaintiff's Limited Guarantee expired over a year ago, and therefore her request for declaratory judgment is moot. *Hollings v. TransactTools, Inc.*, No. 03-cv-4523(JSR), 2004 WL 1276821, at *2 (S.D.N.Y. June 9, 2004), *aff'd by*, 128 F. App'x 820 (2d Cir. 2005). Plaintiff also has an "adequate, alternative remedy in another form of action" because her declaratory judgment claim is duplicative of her MMWA claim. *Deutsche Alt-A Sec. Mortg. Loan Tr., Series 2006-OA1 v. DB Structured Prods., Inc.*, 958 F. Supp. 2d 488, 507 (S.D.N.Y. 2013). Plaintiff's claim is further improper to the extent that she seeks a declaratory judgment under the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), a statute only the FTC itself may enforce. *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974).

For all these reasons, Nespresso requests leave to file its motion to dismiss. Alternatively, if Plaintiff contends any of these defects can be cured by amendment, then Nespresso requests that Plaintiff be required to file an amended complaint before Nespresso moves to dismiss.

Sincerely,

  */s/ Adam S. Lurie*
Adam S. Lurie

CC: Counsel of Record via ECF