# Linklaters

Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone (+1) 212 903 9000
Facsimile (+1) 212 903 9100
adam.lurie@linklaters.com

November 25, 2022

**FILED VIA ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:** *Shaughnessy v. Nespresso USA, Inc.*, No. 1:22-cv-06815

Dear Judge Buchwald,

We respectfully submit this letter on behalf of Defendant Nespresso USA, Inc. ("Nespresso") under Individual Rule 2.B to request a pre-motion conference in advance of filing a motion to dismiss the First Amended Complaint (ECF No. 21) ("FAC").

## I. Overview of Plaintiffs' Class Action Complaint

Plaintiffs now include citizens of Massachusetts and New York who allegedly purchased the Nespresso Vertuo Next Premium Coffee Machine ("Machine"). FAC ¶ 5. Plaintiffs file this putative class action alleging that the Machine's one-year limited warranty ("Limited Guarantee") is deficient.[1] Plaintiffs still do not allege that they experienced any actual harm or that Nespresso has ever rejected a claim under the Limited Guarantee. Instead, Plaintiffs claim only that the Limited Guarantee purportedly fails to comply on its face with the "anti-tying provisions" of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2302(c) (the "MMWA").

The amended FAC incorporates and relies on the Machine's user manual ("Manual") that includes the Limited Guarantee.[2] FAC ¶ 25. Plaintiffs do not claim the Limited Guarantee was expressly conditioned on the use of any Nespresso brand articles or services in violation of this statute. Plaintiffs instead cherry-pick statements from the Manual's safety instructions to manufacture theories that the Manual "implies" that it was conditioned on use of (i) Nespresso Vertuo brand capsules, and (ii) authorized service representatives. *Id.* ¶¶ 59-74.

---

[1] Nespresso accepts the allegations as true for purposes of this letter and the motion to dismiss only.

[2] Nespresso, *Vertuo Next My Machine* [User Manual], https://www.nespresso.com/shared_res/mos/docs/us/US_VERTUO_NEXT_USER_MANUAL.pdf (last viewed Oct. 13, 2022).

Plaintiffs bring claims under the MMWA; state common law unjust enrichment, fraud, and fraudulent omission (the "Common Law" claims); and state statutes concerning deceptive acts or practices under Massachusetts General Laws Ch. 93A and New York General Business Law § 349. Plaintiffs also seek a declaratory judgment. Plaintiffs purport to represent a nationwide Class, as well as Massachusetts and New York Sub-Classes of purchasers of Nespresso Vertuo products.

## II. Anticipated Grounds for Nespresso's Motion to Dismiss

Just like the original complaint, the FAC is baseless and fails as a matter of law. The Machine is a unique and innovative product designed to produce reliable and exceptional coffee for consumers. Nespresso plays by the rules and simply seeks to ensure consumer safety. Nespresso continues to anticipate filing a motion to dismiss the FAC on the following grounds.

***Plaintiffs Lack Article III Standing because they allege no actual injury.*** Plaintiffs fail to plausibly allege a cognizable injury-in-fact, as required by Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiffs do not allege that the Machine had a defect, their coverage was denied, or that they otherwise did not receive the full benefit of their bargain. Plaintiffs make conclusory allegations of harm that they would not have purchased or would have paid less for a Machine with a warranty that purportedly fails to comply with the law. FAC ¶¶ 73. Courts have held this is plainly insufficient. *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 192 n.7 (2d Cir. 2020); *Aponte v. Ne. Radiology, P.C.*, No. 21-cv-5883 (VB), 2022 WL 1556043, at *4 (S.D.N.Y. May 16, 2022). Further, Plaintiffs fail to allege that the "competing" third-party capsules they now cite are compatible with the Machine, and therefore do not plausibly allege that they paid an inflated price for Vertuo brand capsules.

***The Court lacks subject matter jurisdiction over Plaintiffs' MMWA claim***. The MMWA states that "no claim shall be cognizable" where a purported class does not include at least 100 named plaintiffs and the aggregate amount in controversy is not more than $50,000. 15 U.S.C. § 2310(d)(3). The FAC names only three individuals who allegedly purchased only four Machines (a combined total of $692.36) and "several" Nespresso Vertuo branded capsules. FAC ¶¶ 5-11. Plaintiffs cannot evade or override the plain language of the MMWA by asserting subject matter jurisdiction under the Class Action Fairness Act of 2005. *Bayne v. Target Corp.*, No. 21-cv-05938 (MKV), 2022 U.S. Dist. LEXIS 172973, at *11-12 (S.D.N.Y. Sept. 23, 2022).

***Plaintiffs fail to state a valid tying claim under section 102(c) of the MMWA.*** Under the "anti-tying provisions" of the MMWA, a warrantor may not "condition" its warranty on the consumer using "any article or service . . . identified by brand, trade, or corporate name." 15 U.S.C. § 2302(c). Plaintiffs claim Nespresso unlawfully "tied" the Machine's warranty to the use of Nespresso Vertuo capsules and Nespresso repair services. FAC ¶ 65. However, by its plain terms, the Limited Guarantee contains no such conditioning. To overcome this fatal deficiency, Plaintiffs claims that the "tying" in the Manual is "implied." FAC ¶ 69. Plaintiffs' "implied" condition theories fail because they are based on a misleading and cherry-picked reading of the Manual, and

ignore that: (a) the actual language does not involve any improper tying; (b) the terms of the MMWA and related FTC Guidance, 16 C.F.R. § 700.10(c), expressly permit the language that Plaintiffs claim are improper; and (c) well-settled law requires Nespresso to warn consumers about safety risks. *Anderson v. Hedstrom Corp.*, 76 F. Supp. 2d 422, 439 (S.D.N.Y. 1999). Further, Plaintiffs have not shown actual damage where "some additional injury has occurred as a result of a violation of the MMWA." *McGarvey v. Penske Auto. Grp., Inc.*, No. 08-cv-5610 (JBS/AMD), 2011 WL 1325210, at *7 (D.N.J. Mar. 31, 2011) (merely agreeing a warranty with a tying provision does not support redress under the MMWA), *aff'd*, 486 F. App'x 276 (3d Cir. 2012).

***Plaintiffs fail to state valid deceptive practices claims under Mass. Ch. 93A and N.Y. G.B.L § 349.*** First, Plaintiffs fail to plausibly allege deceptive conduct based on MMWA because no reasonable consumer would interpret the language of the Manual as conditioning the warranty on the use of Nespresso brand articles or services. *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013); *Tomasella v. Nestle USA*, 962 F.3d 60, 71 (1st Cir. 2020). Instead, the conduct falls under safe harbors where the language of the Limited Guarantee is permitted under the FTC Guidance. *Duchimaza v. Niagara Bottling,* No. 21-cv-6434 (PAE), 2022 WL 3139898, at *8-11 (S.D.N.Y. Aug. 5, 2022). Plaintiffs also fail to plausibly allege any actual injury separate from the alleged deceptive conduct. Plaintiff's effort to show a purported price premium based on "competing" third-party capsules fails because they fail to allege that the "competing" products they list are plausible alternatives compatible with Plaintiffs' Machines. FAC ¶ 2, *Housey v. Procter & Gamble*, No. 21-cv-2286, 2022 WL 874731, at *8 (S.D.N.Y. March 24, 2022).

***Plaintiffs fail to plead the Common Law claims with sufficient particularity or otherwise state valid claims.*** For each of these claims, Plaintiffs must satisfy Rule 9(b)'s stringent pleading requirement to plead fraud with particularity. Plaintiffs fail to, among other things, allege facts that give rise to "a strong inference of fraudulent intent." *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d. 268, 281 (S.D.N.Y. 2021). Plaintiffs further fail to allege more than conclusory facts to state a claim under the Common Law claims under New York or Massachusetts law, including (i) a misrepresentation or omission of material fact or (ii) reasonable reliance. *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.,* 31 N.Y.3d 569, 579 (N.Y. 2018); *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club*, 918 N.E.2d 36, 47 (Mass. 2009). Plaintiffs' unjust enrichment claims also fail as duplicative where they have an adequate remedy at law. *Santagate v. Tower*, 833 N.E.2d 171, 176 (Mass. App. Ct. 2005); *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012).

***Plaintiffs cannot seek a declaratory judgment.*** Plaintiffs lack an "actual controversy that is ripe for determination" on whether they can take full advantage of the Machine's warranty. Plaintiffs' warranties have either expired already or will have expired by the time this motion is briefed, making their request for declaratory judgement moot. *Hollings v. TransactTools, Inc.*, No. 03-cv-4523(JSR), 2004 WL 1276821, at *2 (S.D.N.Y. June 9, 2004), *aff'd by*, 128 F. App'x 820 (2d Cir. 2005). Plaintiffs also have an "adequate, alternative remedy in another form of action" because their declaratory judgment claims are duplicative of their MMWA claim. *Deutsche Alt-A*

*Sec. Mortg. Loan Tr., Series 2006-OA1 v. DB Structured Prods., Inc.*, 958 F. Supp. 2d 488, 507 (S.D.N.Y. 2013).

For all these reasons, Nespresso requests leave to file its motion to dismiss.

Sincerely,

 */s/ Adam S. Lurie*
Adam S. Lurie

CC: Counsel of Record via ECF