**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

.................................................................x

ABIGAIL SHAUGHNESSY, ADITYA PATHAK,
and KATHERINE ALEGRE, individually and on
behalf of all others similarly situated,

                              Plaintiffs,

                    v.                                     Case No. 22-cv-06815 (NRB)

NESPRESSO USA, INC.,

                              Defendant.

.................................................................x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**NESPRESSO USA, INC.'S MOTION TO DISMISS THE SECOND**
**AMENDED CLASS ACTION COMPLAINT OR IN THE**
**ALTERNATIVE TO STRIKE THE CLASS ALLEGATIONS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................... 1

BACKGROUND ................................................................................................. 4

ARGUMENT ....................................................................................................... 6

I.     PLAINTIFFS LACK STANDING UNDER ARTICLE III ................................................ 6

II.    COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE MMWA ............. 7

III.   PLAINTIFFS DO NOT STATE A VALID CLAIM UNDER THE MMWA ..................... 9

     A.    Plaintiffs' MMWA Claim Fails Because the Limited Guarantee Does Not Condition Coverage on Use of Nespresso Brand Articles or Services ...................... 9

     B.    Implied Condition Theories Do Not Save the SAC's MMWA Claims .................... 11

          1.    The Implied Capsule Theory Does Not State a Plausible Claim ..................... 12

          2.    The Implied Service Theory Does Not State a Plausible Claim ..................... 13

     C.    Plaintiffs Have Not Alleged Cognizable Damages under the MMWA ..................... 15

IV.   PLAINTIFFS FAIL TO PLEAD STATE DECEPTIVE PRACTICES CLAIMS ............. 16

     A.    Plaintiffs Do Not Plausibly Plead Any Deceptive Conduct ........................................ 16

     B.    Plaintiffs Fail to Allege Any Actual Injury or Loss ................................................... 18

V.    PLAINTIFFS FAIL TO PLEAD COMMON LAW FRAUD CLAIMS ............................ 20

     A.    Plaintiffs Do Not Plead Fraud-Based Claims with Sufficient Particularity .............. 20

     B.    Plaintiffs Do Not Otherwise Sufficiently Allege Fraudulent Conduct ..................... 21

     C.    Plaintiffs Cannot State a Claim for Unjust Enrichment. ........................................... 22

VI.   PLAINTIFFS CANNOT SEEK A DECLARATORY JUDGMENT ................................ 23

VII.  ALTERNATIVELY, THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS ................................................................................................. 24

     A.    Court Orders to Strike Class Allegations Are Appropriate Where Claims Involve Variations in Governing Law or Individualized Factual Inquiries .............. 24

     B.    Plaintiffs' Nationwide Class and State Sub-Classes Should be Stricken.................. 25

          1.    Plaintiff's Nationwide Class Allegations for the Common Law Claims Require Application of the Common Laws of All 50 States........................................ 25

          2.    Class Allegations Here Require Highly Individualized Assessment .............. 29

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## <u>CASES</u>

*A.L.A.C. Contracting Corp. v. Road & Heavy Construction Laborers' Union Local #1298*,
No. 06-cv-4819 (JS)(WDW), 2007 WL 9710935 (E.D.N.Y. July 23, 2007) ........................24

*In re Actiq Sales & Mktg. Pracs. Litig.*,
307 F.R.D. 150 (E.D. Pa. 2015) ................................................................................................27

*Albert v. Burwell*,
118 F. Supp. 3d 505 (E.D.N.Y. 2015) ......................................................................................14

*Anderson v. Hedstrom Corp.*,
76 F. Supp. 2d 422 (S.D.N.Y. 1999) .........................................................................................13

*Aponte v. Ne. Radiology, P.C.*,
No. 21 CV 5883 (VB), 2022 WL 1556043 (S.D.N.Y. May 16, 2022) .......................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................................7, 9

*Atchole v. Silver Spring Imports, Inc.*,
379 F. Supp. 2d 797 (D. Md. 2005) .........................................................................................15

*Barrus v. Dick's Sporting Goods, Inc.*,
732 F. Supp. 2d 243 (W.D.N.Y. 2010) .....................................................................................25

*Bayne v. Target Corp.*,
No. 1:21-cv-05938 (MKV), 2022 U.S. Dist. LEXIS 172973 (S.D.N.Y. Sept. 23, 2022) .................................................................................................................................8, 22

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................................9

*Bellerman v. Fitchburg Gas & Elec. Light Co.*,
54 N.E.3d 1106 (Mass. 2016) ..................................................................................................18

*Braitberg v. Charter Commc'ns, Inc.*,
836 F.3d 925 (8th Cir. 2016) .....................................................................................................6

*Bush v. WellPet, LLC*,
534 F. Supp. 3d 179 (D. Mass. 2021) .......................................................................................17

*Bynum v. Fam. Dollar Stores, Inc.*,
No. 20-cv-06878, 2022 WL 837089 (S.D.N.Y. Mar. 21, 2022) ...............................................20

*Cable First Constr. Inc. v. Lepetiuk Eng'g Corp.*,
No. 20 CIV. 5894 (AKH), 2021 WL 276707 (S.D.N.Y. Jan. 27, 2021) ...............................23

*Campbell v. Barclays Bank PLC*,
899 N.Y.S.2d 58 (Table), 2009 WL 1912098 (Sup. Ct. 2009)................................................18

*Campbell v. Whole Foods Mkt. Grp., Inc.*,
516 F. Supp. 3d 370 (S.D.N.Y. 2021)....................................................................................21

*Century Pac., Inc. v. Hilton Hotels Corp.*,
528 F. Supp. 2d 206 (S.D.N.Y. 2007), *aff'd*, 354 F. App'x 496 (2d Cir. 2009).....................21

*Chen-Oster v. Goldman, Sachs & Co.*,
877 F. Supp. 2d 113 (S.D.N.Y. 2012).....................................................................................29

*Chill v. Gen. Elec. Co.*,
101 F.3d 263 (2d Cir. 1996)....................................................................................................21

*Chufen Chen v. Dunkin' Brands, Inc.*,
954 F.3d 492 (2d Cir. 2020)....................................................................................................17

*Cohen v. Subaru of Am., Inc.*,
Case No.: 1:20-cv-08442-JHR-AMD, 2022 U.S. Dist. LEXIS 42511 (D.N.J.
Mar. 10, 2022).........................................................................................................................8

*Colley v. Procter & Gamble Co.*,
No. 16-CV-918, 2016 WL 5791658 (S.D. Ohio Oct. 4, 2016)................................................27

*Correction Officers Benevolent Ass'n of Rockland Cnty. v. Kralik*,
226 F.R.D. 175 (S.D.N.Y. 2005) ............................................................................................15

*Corsello v. Verizon N.Y., Inc.*,
967 N.E.2d 1177 (N.Y. 2012).................................................................................................23

*Costa v. FCA US LLC*,
542 F. Supp. 3d 83 (D. Mass. 2021) .......................................................................................22

*Cowit v. Citimortgage, Inc.*,
No. 12-cv-869, 2013 U.S. Dist. LEXIS 32219 (S.D. Ohio Mar. 8, 2013)..............................26

*DaCorta v. AM Retail Grp., Inc.*,
No. 16-CV-01748 (NSR), 2018 WL 557909 (S.D.N.Y. Jan. 23, 2018)..................................19

*Daniel v. Tootsie Roll Indus., LLC*,
No. 17-cv-7541(NRB), 2018 WL 3650015 (S.D.N.Y Aug. 1, 2018)...............................17, 22

*Davito v. AmTrust Bank*,
743 F. Supp. 2d 114 (E.D.N.Y. 2010) .....................................................................................24

*Deutsche Alt-A Sec. Mortg. Loan Tr., Series 2006-OA1 v. DB Structured Prods., Inc.*,
  958 F. Supp. 2d 488 (S.D.N.Y. 2013)......................................................................23

*Duchimaza v. Niagara Bottling, LLC*,
  No. 21-cv-6434 (PAE), 2022 WL 3139898 (S.D.N.Y. Aug. 5, 2022) ....................18

*Ebin v. Kangadis Food Inc.*,
  No. 13-cv-2311, 2013 U.S. Dist. LEXIS 107224 (S.D.N.Y. July 26, 2013)............8

*F.T.C. v. Sterling Drug, Inc.*,
  317 F.2d 669 (2d Cir. 1963)...................................................................................13

*Falkenberg v. Alexico Corp.*,
  No. CIV. 07-4149 (RBK), 2008 U.S. Dist. LEXIS 46821 (D.N.J. June 17, 2008) .....................................................................................................................10

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013)...................................................................................16

*Floyd v. Am. Honda Motor Co.*,
  966 F.3d 1027 (9th Cir. 2020) .................................................................................8

*Garcia v. Execu|Search Grp., LLC*,
  No. 17CV9401, 2019 WL 689084 (S.D.N.Y. Feb. 19, 2019) .................................24

*Giusti v. Sterling Wentworth Corp.*,
  201 P.3d 966 (Utah 2009).......................................................................................28

*Glover v. Bob's Disc. Furniture, LLC*,
  No. 20-cv-10924, 2022 U.S. Dist. LEXIS 144544 (S.D.N.Y. Aug. 12, 2022).........8

*In re Grand Theft Auto Video Game Consumer Litig.*,
  251 F.R.D. 139 (S.D.N.Y. 2008) .....................................................................21, 26

*Green v. Green Mountain Coffee Roasters*,
  279 F.R.D. 275 (D.N.J. 2011)...........................................................................29, 30

*Hanks v. Lincoln Life & Annuity Co. of N.Y.*,
  330 F.R.D. 374 (S.D.N.Y. 2019) ............................................................................27

*Harris v. Rust-Oleum Corp.*,
  No. 21-CV-01376, 2022 WL 952743 (N.D. Ill. Mar. 30, 2022)............................25

*Hershenow v. Enter. Rent-A-Car Co. of Bos., Inc.*,
  840 N.E.2d 526 (Mass.), *aff'd sub nom.*, *Roberts v. Enter. Rent-A-Car Co. of Boston, Inc.*, 840 N.E.2d 541 (Mass. 2006).............................................................20

*Hill v. Wells Fargo Bank, N.A.*,
  946 F. Supp. 2d 817 (N.D. Ill. 2013) ................................................25

*In re Hill's Pet Nutrition, Inc., Dog Food Prod. Liab. Litig.*,
  No. 19-CV-2672-JAR-TJJ, 2022 WL 1641291 (D. Kan. May 24, 2022) ...............11

*Hollings v. TransactTools, Inc.*,
  No. 03-cv-4523(JSR), 2004 WL 1276821 (S.D.N.Y. June 9, 2004), *aff'd*, 128
  F. App'x 820 (2d Cir. 2005) ................................................23

*Hong v. U.S. Sec. & Exch. Comm'n*,
  41 F.4th 83 (2d Cir. 2022) ................................................11

*Housey v. Procter & Gamble Co.*,
  No. 21-cv-2286, 2022 WL 874731 (S.D.N.Y. Mar. 24), *aff'd*, No. 22-888,
  2022 WL 17844403 (2d Cir. Dec. 22, 2022). ................................19, 22

*Hubert v. Gen. Nutrition Corp.*,
  No. 2:15-CV-01391, 2017 WL 3971912 (W.D. Pa. Sept. 8, 2017)....................7

*Hughes v. Ester C Co.*,
  317 F.R.D. 333 (E.D.N.Y. 2016) ................................................27

*In Int. of C. M. V.*, 479 S.W.3d 352 (Tex. Ct. App. 2015)..........................28

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,
  62 F.3d 69 (2d Cir. 1995)........................................................9

*Irvine v. Kate Spade & Co.*,
  No. 16-CV-7300 (JMF), 2017 WL 4326538 (S.D.N.Y. Sept. 28, 2017) ...............18

*Izquierdo v. Mondelez Int'l, Inc.*,
  No. 16-cv-04697(CM), 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)..................19

*Jackson v. Anheuser-Busch Inbev SA/NV, LLC*,
  Case No. 20-cv-23392-BLOOM/Louis, 2021 U.S. Dist. LEXIS 155556 (S.D.
  Fla. Aug. 18, 2021) ................................................8

*Jager v. Boston Rd. Auto Mall, Inc.*,
  No. 14-cv-614, 2015 U.S. Dist. LEXIS 5509 (S.D.N.Y. Jan. 15, 2015) .............9

*Je Ho Lim v. The.TV Corp. Int'l*,
  121 Cal. Rptr. 2d 333 (Ct. App. 2002) ................................................28

*In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab.
  Litig.*,
  903 F.3d 278 (3d Cir. 2018)........................................................7

v

*Johnson v. Nextel Commc'ns Inc.*,
    780 F.3d 128 (2d Cir. 2015)...............................................27

*Johnston v. Kashi Sales, L.L.C.*,
    Case No. 21-CV-00441-NJR, 2022 U.S. Dist. LEXIS 162406 (S.D. Ill. Sept.
    8, 2022) ........................................................................8

*Jones v. Orgain, LLC*,
    No. 20-cv-8463 (VB), 2021 WL 4392783 (S.D.N.Y. Sept. 24, 2021) ...................13

*Kaplan v. Wholesale Auto. Supply Co.*,
    2009 WL 1347404 (N.J. Super. Ct. App. Div. May 15, 2009)................16

*Kimca v. Sprout Foods*,
    No. 21-cv-12977 (SRC), 2022 WL 1213488 (D.N.J. April 25, 2022) ....................7

*Kinsey v. New York Times Co.*,
    991 F.3d 171 (2d Cir. 2021)..............................................26

*Klein v. Receivable Mgmt. Grp., Inc.*,
    No. 8:21-cv-0678-KKM-SPF, 2022 WL 998366 (M.D. Fla. Mar. 30, 2022) ........6

*Kottler v. Deutsche Bank AG*,
    No. 05 Civ. 7773 (PAC), 2010 U.S. Dist. LEXIS 30590 (S.D.N.Y. Mar. 29,
    2010) ........................................................................26

*Kuns v. Ford Motor Co.*,
    543 F. App'x 572 (6th Cir. 2013) ........................................8

*Kunzelmann v. Wells Fargo Bank, N.A.*,
    No. 9:11-cv-81373-DMM, 2013 WL 139913 (S.D. Fla. Jan. 10, 2013) ...............27

*Loveland Essential Grp. v. Grommon Farms*,
    251 P.3d 1109 (Colo. App. 2010).........................................28

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992).......................................................6

*Mason v. Reed's Inc.*,
    515 F. Supp. 3d 135 (S.D.N.Y. 2021).....................................21

*McGarvey v. Penske Auto. Grp., Inc.*,
    639 F. Supp. 2d 450 (D.N.J. 2009) ......................................15

*McGarvey v. Penske Auto. Grp., Inc.*,
    No. CIV. 08-5610, 2011 WL 1325210 (D.N.J. Mar. 31, 2011), *aff'd*, 486 F.
    App'x 276 (3rd Cir. 2012) ...............................................16

*Miller v. Herman,*
    600 F.3d 726 (7th Cir. 2010) ............................................................11

*Mitchell v. Sky Climber, Inc.,*
    487 N.E.2d 1374 (Mass. 1986) ......................................................13

*Moroz v. Alexico Corp.,*
    No. 07-cv-3188, 2008 WL 109090 (E.D. Pa. Jan. 8, 2008)........................................10, 15, 16

*O'Byrne v. Weyerhaeuser Co.,*
    No. 2:19-CV-2493, 2022 WL 4133219 (S.D. Ohio Sept. 12, 2022) ......................................11

*O'Hara v. Diageo–Guinness, USA, Inc.,*
    306 F. Supp. 3d 441 (D. Mass 2018) .....................................................18

*Pilgrim v. Universal Health Card, LLC,*
    660 F.3d 943 (6th Cir. 2011) ...........................................................25, 26

*Poindexter v. EMI Rec. Grp. Inc.,*
    No. 11-cv-559(LTS)(JLC), 2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012)............................12

*Powell v. Subaru of Am., Inc.,*
    502 F. Supp. 3d 856 (D.N.J. Nov. 2020) ..................................................8

*Rapp v. Green Tree Servicing, LLC,*
    302 F.R.D. 505 (D. Minn. 2014)..........................................................27

*In re Rezulin Prods. Liab. Litig.,*
    210 F.R.D. 61 (S.D.N.Y. 2002) ..........................................................27

*Rikos v. Procter & Gamble Co.,*
    No. 1:11-cv-226, 2012 WL 641946 (S.D. Ohio Feb. 28, 2012) .............................25

*Rivera v. Chadrad Motors, LLC,*
    No. 3:21-cv-83 (RNC), 2021 U.S. Dist. LEXIS 252226 (D. Conn. June 9,
    2021) .......................................................................................9

*Rogers v. LVNV Funding, LLC,*
    No. 21-cv-796 (ENV) (RLM), 2022 WL 2292836 (E.D.N.Y. June 24, 2022)........................6

*Rogers v. Nstar Elec.,*
    389 F. Supp. 2d 100 (D. Mass. 2005) ...................................................28

*Rubenstein v. Knight-Swift Transp. Holdings Inc.,*
    492 F. Supp. 3d 206 (S.D.N.Y. 2020)....................................................9

*Salvador v. Allstate Prop. & Cas. Ins. Co.,*
    No. CV 19-2754 (RJL), 2020 WL 7042843 (D.D.C. Nov. 30, 2020) .....................29

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................29

*Santagate v. Tower*,
   833 N.E.2d 171 (Mass. App. Ct. 2005) ..............................................................23

*Sarr v. BEF Foods, Inc.*,
   No. 18-cv-6409, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ...............................21

*Savett v. Whirlpool Corp.*,
   No. 12 CV 310, 2012 WL 3780451 (N.D. Ohio Aug. 31, 2012)...........................27

*Schnellmann v. Roettger*,
   627 S.E.2d 742 (S.C. Ct. App. 2006), *aff'd as modified*, 645 S.E.2d 239 (S.C.
   2007) ....................................................................................................................28

*Shaulis v. Nordstrom, Inc.*,
   865 F.3d 1 (1st Cir. 2017) ..............................................................................18, 19

*In re Sheedy*,
   801 F.3d 12 (1st Cir. 2015) ..................................................................................22

*Simner v. LG Elecs. USA, Inc.*,
   Civil Action No: 21-cv-13322(SDW)(CLW), 2022 U.S. Dist. LEXIS 140405
   (D.N.J. Aug. 8, 2022)............................................................................................8

*Small v. Lorillard Tobacco Co.*,
   720 N.E.2d 892 (N.Y. 1999).................................................................................18

*Smith v. Apple, Inc.*,
   583 F. Supp. 3d 554 (S.D.N.Y. 2022)...................................................................20

*Spector v. Wendy*,
   881 N.Y.S.2d 465 (App. Div. 2009) .....................................................................28

*Stanley v. Direct Energy Servs., LLC*,
   466 F. Supp. 3d 415 (S.D.N.Y. 2020)...................................................................23

*Stevens v. Ford Motor Co.*,
   Civ. A. No. 2:18-CV-456, 2020 U.S. Dist. LEXIS 256298 (S.D. Tex. Nov. 2,
   2020) ......................................................................................................................9

*Taylor v. Am. Chemistry Council*,
   576 F.3d 16 (1st Cir. 2009)...................................................................................21

*Tomasella v. Nestle USA, Inc.*,
   962 F.3d 60 (1st Cir. 2020)...................................................................................16

*Tomassini v. FCA US LLC*,
    No. 3:14-cv-1226, 2015 U.S. Dist. LEXIS 81009 (N.D.N.Y. June 23, 2015) .......................24

*Townsend v. Morton*,
    36 So. 3d 865 (Fla. Dist. Ct. App. 2010) ..............................................................................28

*Traversa v. Nielsen*,
    No. 156014026, 2017 WL 4274013 (Conn. Super. Ct. Aug. 17, 2017) ...............................28

*Valcarcel v. Ahold U.S.A., Inc.*,
    577 F. Supp. 3d 268 (S.D.N.Y. 2021)...................................................................................20

*Weisblum v. Prophase Labs, Inc.*,
    88 F. Supp. 3d 283 (S.D.N.Y. 2015).......................................................................................8

*White v. GM*,
    Civil Action No. 21-cv-0410, 2022 U.S. Dist. LEXIS 153171 (D. Colo. July 7,
    2022) ........................................................................................................................................9

*Wolfkiel v. Intersections Ins. Servs. Inc.*,
    303 F.R.D. 287 (N.D. Ill. 2014).............................................................................................25

*Wright v. Family Dollar, Inc.*,
    No. 10 C 4410, 2010 WL 4962838 (N.D. Ill. Nov. 30, 2010) ...............................................25

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Relevant Prods Liab.*
    *Litig.*,
    275 F.R.D. 270 (S.D. Ill. 2011) .....................................................................................26, 30

## STATUTES & RULES

15 U.S.C. § 45.....................................................................................................................................17

15 U.S.C. § 2302................................................................................................................10, 11, 14

15 U.S.C. § 2310..............................................................................................................................7, 8

Class Action Fairness Act of 2005...................................................................................................8

Fed. R. Civ. P. 12..........................................................................................................................3, 15

Fed. R. Civ. P. 23..........................................................................................................................3, 24

Magnuson-Moss Warranty Act ............................................................................................. *passim*

Massachusetts Unfair and Deceptive Business Practices Act.........................................1, 5, 16, 17

N.Y. Gen. Bus. Law § 349.................................................................................................... *passim*

## OTHER AUTHORITIES

16 C.F.R. § 260.12 ................................................................................................18

16 C.F.R. § 700.10 ...............................................................................11, 12, 14, 15

Joseph M. McLaughlin, *McLaughlin on Class Actions* (19th ed. 2022) ......................................24

Merriam-Webster, https://www.merriam-webster.com/dictionary (last visited Jan. 17, 2023) ................................................................................................14

Nespresso, *Vertuo Next My Machine*, https://www.nespresso.com/shared_res/mos/docs/us/US_VERTUO_NEXT_USER_MANUAL.pdf (last visited Jan. 17, 2023) ......................................................4

Oxford English Dictionary (2019) ..............................................................................14

## INTRODUCTION

Plaintiffs are purchasers of the Nespresso Vertuo Next Premium Coffee Machine ("Machine") who filed this putative class action alleging that the Machine's limited warranty ("Limited Guarantee") is deficient. Plaintiffs do not allege that they suffered any actual losses or that Nespresso ever rejected any warranty claims. Plaintiffs' Second Amended Complaint ("SAC") asserts purported claims based on the Limited Guarantee: (a) under the "anti-tying provisions" of Section 102(c) of the Magnuson-Moss Warranty Act ("MMWA"); (b) for common law unjust enrichment, fraud, and fraudulent omission; (c) under the Massachusetts Unfair and Deceptive Business Practices Act under General Laws Chapter 93A ("MUDBPA") and New York General Business Law ("NYGBL") Section 349; and (d) seeking a declaratory judgment. These claims are baseless and should be dismissed as a matter of law.

As an initial matter, the Court should dismiss the SAC for lack of standing because Plaintiffs allege only conclusory and speculative harms that do not establish actual injury. For example, Plaintiffs claim that they have been harmed in purchasing the Machine because the Limited Guarantee purportedly fails to comply with the law. Yet courts have rejected this very "failure to comply with the law" standing argument as insufficient. Likewise, Plaintiffs' claim that they paid "inflated prices" fails as a matter of law because Plaintiffs allege no plausible facts to support that the prices of either the Machine or the capsules were inflated. Plaintiffs allege they would have purchased "competing" lower-priced capsules even without the warranty, but the SAC also claims that there are no compatible third-party capsules available. As a result, there can be no harm. The SAC offers only improper conclusory and contradictory allegations.

Plaintiffs' MMWA claim fails for several reasons. First, the Court lacks subject matter jurisdiction because Plaintiffs fail to satisfy the statute's two express pre-requisites: 100 named

plaintiffs, and an aggregate amount in controversy of at least $50,000. The SAC names only three Plaintiffs who purchased four Machines for a total amount in controversy of $692.36.

Plaintiffs otherwise fail to allege facts to state a valid claim under the MMWA's anti-tying provisions. Plaintiffs claim that Nespresso unlawfully "tied" coverage for the Machine to the purchase and use of Nespresso Vertuo Coffee capsules and to Nespresso repair services. But by the plain terms of the user manual ("Manual"), the Limited Guarantee contains no such conditioning and does not even mention another Nespresso product or service.

To overcome this fatal deficiency, Plaintiffs seek to claim that the "tying" in the Manual is "implied." Plaintiffs' so-called "implied" condition claims fail – once again – under the plain terms of the Manual and Limited Guarantee. Plaintiffs' "implied" condition claims are based on a tortured, misleading and cherry-picked reading that ignores: (a) the actual language in the Manual which does not involve any improper tying; (b) exceptions in the MMWA and related Federal Trade Commission ("FTC") Guidance which *expressly permit* the language that Plaintiffs claim is improper; and (c) well-settled law requiring Nespresso to warn consumers about safety risks. Plaintiffs also fail to allege any actual damage required for a claim under the MMWA.

Plaintiffs similarly fail to plead violations of the Massachusetts or New York state consumer protection statutes. First, Plaintiffs fail to plausibly allege deceptive conduct. Plaintiffs' allegations of deceptive conduct rely on the unlawfulness of the Limited Guarantee under the MMWA, but the alleged deception fails for the same reason the MMWA claim fails. No reasonable consumer would interpret the language of the Manual as conditioning the warranty on the use of Nespresso brand articles or services. Instead, the terms of the Limited Guarantee are expressly permitted under FTC Guidance on the MMWA. Plaintiffs also fail to plausibly allege any actual injury caused by the allegedly deceptive conduct.

Plaintiffs' common law fraud, fraudulent omission, unjust enrichment, and declaratory judgment claims similarly fail. Plaintiffs must satisfy Rule 9(b)'s stringent requirement to plead the fraud-based claims with particularity. Plaintiffs' allegations, however, fail to give rise to a strong inference of fraudulent intent. Instead, the SAC contains only bare allegation that Nespresso's purported "misrepresentations were made with knowledge of their falsehood." Plaintiffs fail to allege any misrepresentation, that Nespresso failed to meet any duty to disclose, that Plaintiffs reasonably relied on any such misrepresentation, or that they were injured as a result. The unjust enrichment claim also fails because Plaintiffs have a potential remedy at law, rendering the unjust enrichment claim improper. Plaintiffs further fail to state a claim for declaratory judgment that the Limited Guarantee is void and unenforceable. Not only is it duplicative of the MMWA claim, but Plaintiffs lack an actual controversy to seek a determination because all of their warranties have now expired without incident.

Alternatively, the Court should strike the SAC's class action allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D). Based on the face of the SAC, the class allegations as to the Common Law claims are not certifiable under Rule 23(a). The nationwide claims entail significant variation across the laws of 50 states that make this case neither efficient nor workable as a nationwide class action. Further, the nationwide and statewide claims necessarily require a highly individualized inquiry of injury (standing), reliance, and damages. Courts have repeatedly struck class allegations in similar circumstances. There is no way to structure jury instructions to account for all these variations, let alone task a jury with reaching a coherent verdict here.

For these reasons and those below, we respectfully urge the Court to dismiss the SAC or in the alternative to strike the class allegations asserted.

## BACKGROUND[1]

Nespresso markets and distributes consumer products including espresso and coffee machines under the "Nespresso" brand name. SAC ¶ 15. Plaintiff Abigail Shaughnessy is a Massachusetts resident who alleges she bought a Nespresso Vertuo Next Premium Coffee Machine on the Bed Bath & Beyond website in July 2020. SAC ¶ 9. Plaintiff Aditya Pathak is a Massachusetts resident who alleges he purchased two Nespresso Vertuo Next Premium Coffee Machines on the Costco website in December 2021. SAC ¶ 11. Plaintiff Katherine Alegre is a New York resident who alleges she bought a Nespresso Vertuo Next Premium Coffee Machine on the Macy's website in November 2021. SAC ¶ 13. Plaintiffs have also each allegedly purchased several Nespresso Vertuo capsules for use in their Machines. SAC ¶¶ 10, 12, 14.

The SAC incorporates by reference the Machine's Manual. SAC ¶ 23.[2] The Manual explains that the Nespresso Vertuo system is based on its innovative Centrifusion® technology, where each specialized capsule is programmed with specific brewing parameters to provide exceptional coffee. Manual at 4. The Manual also contains the Limited Guarantee which states:

> Nespresso guarantees this product against defects in materials and workmanship for a period of one year. The guarantee period begins on the date of purchase and Nespresso requires presentation of the original proof of purchase to ascertain the date. During the guarantee period, Nespresso will either repair or replace, at its discretion, any defective product at no charge to the owner. Replacement products or repaired parts will be warranted only for the unexpired portion of the original guarantee or six months, whichever is greater. *This limited guarantee does not apply to any defect resulting from negligence, accident, misuse, or any other reason beyond Nespresso's reasonable control, including but not limited to: normal wear and tear, negligence or failure to follow the product instructions, improper or inadequate maintenance, calcium deposits or descaling, connection to improper power supply, unauthorized product modification or repair, use for commercial purposes, fire, lightning, flood or other external causes.* . . . Should the cost of

---

[1]    For the purpose of this Motion only, Nespresso accepts Plaintiffs' allegations as true.

[2]    Nespresso, *Vertuo   Next   My   Machine* [User   Manual], https://www.nespresso.com/shared_res/mos/docs/us/US_VERTUO_NEXT_USER_MANUAL.pdf (last visited Jan. 17, 2023). The Court may consider the Manual because Plaintiffs incorporate it by reference and rely on it in the SAC. A copy of the Manual is attached as Exhibit A to the Declaration of Adam Lurie, Esq.

repairs or replacement not be covered by this guarantee, Nespresso will advise the owner and the cost shall be charged to the owner. Save in relation to losses that cannot be limited or excluded as a matter of law, performance by Nespresso of the obligations imposed on Nespresso herein shall be the full extent of Nespresso's liability under this guarantee. Except to the extent allowed by applicable law, the terms of this limited guarantee do not exclude, restrict or modify the mandatory statutory rights applicable to the sale of this product and are in addition to those rights. If you believe your product is defective, contact Nespresso for instructions on how to proceed with a repair.

Manual at 33 (emphasis added).

The SAC asserts that the Nespresso Limited Guarantee violates the "anti-tying" provisions under Section 102(c) of the MMWA. The Limited Guarantee, however, does not condition the warranty on the use of any Nespresso brand articles or services. Plaintiffs do not allege that any warranty coverage was in fact denied for failure to use Nespresso brand articles or services. Plaintiffs instead cite the Limited Guarantee together with the safety instructions of the Manual to construct theories that the warranty "implied" that it was conditioned on (i) the use of Nespresso Vertuo brand capsules, and (ii) authorized service representatives. SAC ¶¶ 65-71.

Plaintiffs allege they would not have purchased the Machine or would have somehow paid less if they "knew the truth about [the Limited Guarantee's] unlawful nature." *Id.* ¶ 77. Plaintiffs also allege harm in buying Nespresso Vertuo coffee capsules, rather than "cheaper" third-party capsules. *Id.* ¶ 78. At the same time, Plaintiffs allege that actually "there are no third-party coffee capsules which are compatible" and that somehow "a user would need to modify" the Machine "to get third-party capsules to work." *Id.* ¶¶ 5-6.

Plaintiffs bring the action under the MMWA (Count 1); unjust enrichment (Count 2), fraud (Count 3), fraudulent omission (Count 4); declaratory judgment (Count 5); and state statutes on unfair or deceptive practices under MUDBPA (Count 6) and NYGBL Section 349 (Count 7). Plaintiffs purport to represent purchasers of Nespresso Vertuo products as a nationwide Class for Counts 1 to 5, as well as New York and Massachusetts Sub-Classes for all Counts. SAC ¶¶ 53-62.

**ARGUMENT**

**I.    PLAINTIFFS LACK STANDING UNDER ARTICLE III**

The Court should dismiss the SAC for lack of standing. To satisfy standing requirements, a plaintiff must show: (1) that they have suffered an injury-in-fact, (2) a causal connection with the conduct complained of, and (3) that the injury will likely be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiffs fail to show, as they must, that the alleged conduct diminished the "benefit of the bargain." *See Aponte v. Ne. Radiology, P.C.*, No. 21 CV 5883 (VB), 2022 WL 1556043, at *4 (S.D.N.Y. May 16, 2022). Plaintiff do not, for instance, allege that the Machines that Plaintiffs purchased had a defect requiring replacement parts or repair service, or that Defendants denied them coverage under the Limited Guarantee. Rather, Plaintiff's alleged injuries are vague, speculative, and conclusory: (1) they would not have purchased the Machine, or that they would have somehow "paid substantially less" for it, had they known "the truth about the unlawful nature" of the warranty, and (2) they purchased "Nespresso Vertuo branded coffee capsules at inflated prices, rather than cheaper third-party coffee capsules." SAC ¶¶ 77-78.

Plaintiffs' first alleged injury involves a mere failure to comply with the law. Such allegations do not support an injury-in-fact. *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 931 (8th Cir. 2016) (explaining that a statutory violation does not automatically satisfy the injury-in-fact requirement); *Rogers v. LVNV Funding, LLC*, No. 21-cv-796 (ENV) (RLM), 2022 WL 2292836, at *2 (E.D.N.Y. June 24, 2022) (finding purported FDCPA violations alone "plainly insufficient to confer Article III standing."); *Klein v. Receivable Mgmt. Grp., Inc.*, No. 8:21-cv-0678-KKM-SPF, 2022 WL 998366, at *3 (M.D. Fla. Mar. 30, 2022) (emphasizing "an injury in law is not an injury in fact"). Plaintiff's alleged injury is conclusory, includes only a generalized

allegation of financial harm, and is an insufficient "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiffs' second alleged injury is similarly deficient because the SAC fails to allege that the challenged conduct caused them to purchase any products at inflated prices. Plaintiffs now allege that Nespresso Vertuo branded coffee capsules are "double the price" of allegedly "competing brands of coffee capsules." SAC ¶ 2. At the same time, however, the SAC asserts that there are no such competing brands because these products are not actually compatible with the Machine. SAC ¶ 4. Plaintiffs make only a conclusory and irrelevant allegation that "a user would need to modify" the Machine somehow "to get third-party capsules to work," but that "modification is not permitted according to Defendant's warranty." SAC ¶ 6. Indeed, Plaintiffs have otherwise failed to allege that Plaintiffs could have or would have purchased cheaper capsules which are compatible and safe for the Machine. *See In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278 (3d Cir. 2018) (finding no economic injury-in-fact absent evidence that a "cheaper alternative" product was available); *Kimca v. Sprout Foods*, No. 21-cv-12977 (SRC), 2022 WL 1213488, at *8 (D.N.J. April 25, 2022) (failure to "identify any other comparable, cheaper, or safer products . . . dooms their price premium claims"); *Hubert v. Gen. Nutrition Corp.*, No. 2:15-CV-01391, 2017 WL 3971912, at *8 (W.D. Pa. Sept. 8, 2017) (failure to show price premium absent "any comparable, cheaper products").

## II.   COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE MMWA

Under the MMWA, "no claim shall be cognizable" where "the action is brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3)(C). The SAC here includes only three named plaintiffs: Ms. Shaughnessy, Mr. Pathak, and Ms. Alegre. Instead, the SAC seeks to assert federal subject matter jurisdiction with unnamed class members

under the Class Action Fairness Act of 2005 ("CAFA"). SAC. ¶ 16. This statute cannot be used to evade or override the plain language of the MMWA.

Courts in this district have recently dismissed purported class action claims under the MMWA where – as here – the plaintiff failed to name 100 plaintiffs, yet alleged jurisdiction under CAFA. *Bayne v. Target Corp.*, No. 1:21-cv-05938 (MKV), 2022 U.S. Dist. LEXIS 172973, at *11-*12 (S.D.N.Y. Sept. 23, 2022) (explaining that "the majority of other courts to have addressed this issue have persuasively reasoned" that CAFA cannot override the MMWA); *Ebin v. Kangadis Food Inc.*, No. 13-cv-2311, 2013 U.S. Dist. LEXIS 107224, at *4 (S.D.N.Y. July 26, 2013) (finding that using CAFA as an alternative basis for jurisdiction is "flatly contradicted by the plain text of the MMWA"); *Glover v. Bob's Disc. Furniture, LLC*, No. 20-cv-10924, 2022 U.S. Dist. LEXIS 144544, at *15-16 (S.D.N.Y. Aug. 12, 2022) (recognizing that 15 U.S.C. § 2310(d)(3)(C) "excludes other grounds for jurisdiction for a claim under the MMWA").

Moreover, in a case widely viewed as having settled the issue, the Ninth Circuit has held that CAFA does not override the MMWA's 100-named plaintiff jurisdictional requirement because doing so "would permit circumvention of the specific numerosity requirements of the MMWA by using the less stringent criteria of CAFA." *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1033 (9th Cir. 2020).[3]   The court found that the "text is clear that a requirement for an MMWA class action in federal court is at least one hundred named plaintiffs." *Id*. at 1034. Since *Floyd*, other federal district courts around the country have followed suit.[4]

---

[3]   Where earlier decisions reached a different conclusion based on a determination that CAFA was intended generally to expand federal jurisdiction, they did not engage in the same thorough analysis and improperly repeal the MMWA's provisions without Congress' clear and manifest intent. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283 (S.D.N.Y. 2015); *Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013).

[4]   *Simner v. LG Elecs. USA, Inc.*, Civil Action No: 21-cv-13322(SDW)(CLW), 2022 U.S. Dist. LEXIS 140405, at *30-31 (D.N.J. Aug. 8, 2022); *Cohen v. Subaru of Am., Inc.*, Case No.: 1:20-cv-08442-JHR-AMD, 2022 U.S. Dist. LEXIS 42511 (D.N.J. Mar. 10, 2022); *Jackson v. Anheuser-Busch Inbev SA/NV, LLC*, Case No. 20-cv-23392-BLOOM/Louis, 2021 U.S. Dist. LEXIS 155556, at *51 (S.D. Fla. Aug. 18, 2021); *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. Nov. 2020); *Johnston v. Kashi Sales, L.L.C.*, Case No.

For similar reasons, Plaintiffs' individual claims under the MMWA are not cognizable because they have not met the aggregate amount in controversy of $50,000. The SAC alleges only that the Plaintiffs bought a total of four Machines for a combined total of $692.36 and "several Nespresso Vertuo branded Coffee Capsules" without specifying an amount paid. SAC ¶¶ 10-14. *See Jager v. Boston Rd. Auto Mall, Inc.*, No. 14-cv-614, 2015 U.S. Dist. LEXIS 5509, at *10-11 (S.D.N.Y. Jan. 15, 2015) (declining to exercise supplemental jurisdiction where the MMWA amount in controversy requirement was not met); *Rivera v. Chadrad Motors, LLC*, No. 3:21-cv-83 (RNC), 2021 U.S. Dist. LEXIS 252226, at *11 (D. Conn. June 9, 2021) (same).

## III.   PLAINTIFFS DO NOT STATE A VALID CLAIM UNDER THE MMWA

To survive a motion to dismiss, the SAC must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has [factual] plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The Court "is not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Rubenstein v. Knight-Swift Transp. Holdings Inc.*, 492 F. Supp. 3d 206, 215 (S.D.N.Y. 2020) (internal quotation marks omitted). The Court may consider the full terms of the Manual at this stage because it is integral to the allegations and incorporated by reference. *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 71-72 (2d Cir. 1995).

### A.   Plaintiffs' MMWA Claim Fails Because the Limited Guarantee Does Not Condition Coverage on Use of Nespresso Brand Articles or Services

The "anti-tying provision" of the MMWA applies only where a warrantor "condition[s] his written or implied warranty of such product on the consumer's using, in connection with such

---

21-CV-00441-NJR, 2022 U.S. Dist. LEXIS 162406, at *26 (S.D. Ill. Sept. 8, 2022); *White v. GM*, Civil Action No. 21-cv-0410, 2022 U.S. Dist. LEXIS 153171, at *21-22 (D. Colo. July 7, 2022); *Stevens v. Ford Motor Co.*, Civ. A. No. 2:18-CV-456, 2020 U.S. Dist. LEXIS 256298, at *36-37 (S.D. Tex. Nov. 2, 2020).

product, any article or service (other than article or service provided without charge under the terms of the warranty) which is identified by brand, trade, or corporate name." 15 U.S.C. § 2302(c). According to Plaintiffs, Nespresso's Limited Guarantee contained an unlawful tying arrangement which was "stated and/or implied." SAC ¶¶ 1, 9. Plaintiffs are wrong.

First, by its plain terms, the Limited Guarantee does not contain a "stated" tying requirement. The Limited Guarantee provides that Nespresso will "either repair or replace, at its discretion, any defective product at no charge to the owner" for a period of one year, and that:

> This limited guarantee does not apply to any defect *resulting from* negligence, accident, misuse, or any other reason beyond Nespresso's reasonable control, including but not limited to: normal wear and tear, negligence or failure to follow the product instructions, improper or inadequate maintenance, calcium deposits or descaling, connection to improper power supply, *unauthorized product modification or repair*, use for commercial purposes, fire, lightning, flood or other external causes.

Manual at 33 (emphasis added).

As is clear on the face of the Manual, the Limited Guarantee *does not* state that the Limited Guarantee is conditioned on the use of any Nespresso brand article or service. Indeed, nothing in the Limited Guarantee even refers to any Nespresso brand articles or services. The SAC also does not allege that such condition exists in fact. For example, there is no allegation that any Nespresso agents or service providers denied claims or made representations outside the face of the Manual suggesting that the Limited Guarantee was conditioned on the use of Nespresso articles or services. *See Falkenberg v. Alexico Corp.*, No. CIV. 07-4149 (RBK), 2008 U.S. Dist. LEXIS 46821, at *13 (D.N.J. June 17, 2008) (dismissing claim where warranty had "no identification of a specific 'brand, trade, or corporate name' as prohibited by the Act, nor does the SAC allege this condition to in fact exist"); *Moroz v. Alexico Corp.*, No. 07-cv-3188, 2008 WL 109090, at *5 (E.D. Pa. Jan. 8, 2008) (dismissing claim where plaintiffs "do not allege that [consumers] are required to

purchase insurance identified by any 'brand, trade, or corporate name'"). For this reason alone, Plaintiffs' MMWA claim is deficient and should be dismissed.

Instead, the Limited Guarantee lawfully disclaims liability "resulting from . . . unauthorized product modification or repair." Manual at 33. The FTC has explained that the MMWA does "not preclude a warrantor from expressly excluding liability for defects or damage *caused by* 'unauthorized' articles or service." 16 C.F.R. § 700.10(c) (the "FTC Guidance") (emphasis added). The MMWA empowers the FTC to prescribe rules on "the manner and form in which information with respect to any written warranty [shall be presented]." 15 U.S.C. § 2302(b)(1)(B). While the Second Circuit has not addressed whether FTC interpretations of the MMWA are entitled to *Chevron* deference,[5] even courts in circuits not applying *Chevron* have deferred to FTC constructions of the MMWA's scope. *See In re Hill's Pet Nutrition, Inc., Dog Food Prod. Liab. Litig.*, No. 19-CV-2672-JAR-TJJ, 2022 WL 1641291, at *5 (D. Kan. May 24, 2022) (FTC's MMWA interpretations are "entitled to respect"); *Miller v. Herman*, 600 F.3d 726, 734 (7th Cir. 2010); *O'Byrne v. Weyerhaeuser Co.*, No. 2:19-CV-2493, 2022 WL 4133219, at *20 (S.D. Ohio Sept. 12, 2022). The language of the Limited Guarantee falls within the FTC Guidance and is appropriate under the MMWA. Plaintiffs' claim therefore has no basis and should be dismissed.

## B.     Implied Condition Theories Do Not Save the SAC's MMWA Claims

To save their MMWA claim, Plaintiffs allege the Limited Guarantee *implies* that it was conditioned on the use of Nespresso brand articles or services. Plaintiffs cherry-pick from disparate parts of the Manual to manufacture theories that the Limited Guarantee conditions coverage on (i) the use of Nespresso Vertuo capsules (the "Capsule Theory"), and (ii) the use of an authorized

---

[5]     *Chevron* deference exists where an agency administers a statute, and a federal court must therefore accord deference to that agency interpretation of the statute so long as that "interpretation is reasonable, even if it is 'not necessarily the only possible interpretation, nor even the interpretation deemed most reasonable by the courts.'" *Hong v. U.S. Sec. & Exch. Comm'n*, 41 F.4th 83, 94 (2d Cir. 2022).

service representative (the "Service Theory"). Both theories fail. A review of the incorporated Manual demonstrates that no such "implied" conditions exist. When a plaintiff's allegations are contradicted by a document incorporated by reference, the document controls. *Poindexter v. EMI Rec. Grp. Inc.*, No. 11-cv-559(LTS)(JLC), 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012).

### 1.      The Implied Capsule Theory Does Not State a Plausible Claim

The Capsule Theory is based on two statements that Plaintiffs cite misleadingly. First, the Manual warns to "[o]nly use capsules intended for this appliance. If the capsule does not fit, do not force the capsule into the appliance." Manual at 5. *See* SAC ¶ 71.[6] Second, the Manual states that to "avoid possible harm when operating the appliance," the "appliance is designed for Nespresso Vertuo coffee capsules available exclusively through the Nespresso Club or your Nespresso authorized representative." Manual at 7. *See* SAC ¶ 70.[7] These legally appropriate safety warnings do not reference the Limited Guarantee that is 25 pages removed.

Both statements are in the "Important Safeguards" section of the Manual surrounded by other critical safety-related statements. For example, this section also explains that a "damaged appliance can cause electric shocks, burns and fire." Manual at 7. The safety instructions further warn (i) "If the capsule does not fit, do not force the capsule into the appliance," *id.* at 5; (ii) "Do not put anything else than specified capsules into any openings, doing so may cause fire or electric shock!" *id.* at 6; (iii) "Be careful, capsule is hot. Risk of scalding.," *id.*; and (iv) "Water could flow around a capsule when not perforated by the blades and damage the appliance" *id.* at 7.

As discussed above, the FTC Guidance explains that the MMWA *permits* statements about potential defects caused by unauthorized articles. 16 C.F.R. § 700.10. Even more, the MMWA

---

[6]      The SAC omits "If the capsule does not fit, do not force the capsule into the appliance." SAC ¶ 67.

[7]      The SAC similarly omits: to "avoid possible harm when operating the appliance." SAC ¶ 66.

cannot be read to preclude safety warnings on the improper use of capsules. A manufacturer like Nespresso has a well-settled "duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known." *Anderson v. Hedstrom Corp.*, 76 F. Supp. 2d 422, 439 (S.D.N.Y. 1999); *Mitchell v. Sky Climber, Inc.*, 487 N.E.2d 1374, 1376 (Mass. 1986).

As the discussion above makes clear, this is what the "Important Safeguards" are doing. The Manual explains that "[the] Nespresso Vertuo machines [contain] unique Centrifusion® technology" designed specifically for the Machine with bar codes embedded on the capsules to enable precise brewing. Manual at 4. In this regard, the Manual even counsels against the use of other Nespresso capsules that are not compatible with the Vertuo Machine, stating "[t]his machine operates with Nespresso Vertuo capsules. Nespresso classic capsules cannot be used in this machine." Manual at 19. As the instructions make clear, these statements are in the Manual to prevent damage to the Machine or injury to the user. Manual at 18-19.

For allegations of deceptive or misleading conduct, "context is crucial" because courts must assess "each allegedly misleading statement in light of its context on the product label or advertisement as a whole." *Jones v. Orgain, LLC*, No. 20-cv-8463 (VB), 2021 WL 4392783, at *2, *4 (S.D.N.Y. Sept. 24, 2021) (finding implausible that certain terms on a protein shake label were materially misleading in the broader context of the label). *See also F.T.C. v. Sterling Drug, Inc.*, 317 F.2d 669, 674 (2d Cir. 1963) ("[t]he entire mosaic should be viewed rather than each tile separately" in deciding whether advertising is deceptive under the FTC Act). The "context" here is safety and avoiding damage to the Machine, not tying.

### 2. The Implied Service Theory Does Not State a Plausible Claim

The Service Theory is similarly baseless. Plaintiffs misrepresent the context and plain meaning of the Manual's statement that "[a]ny servicing other than cleaning and user maintenance *should* be performed by an authorized service representative." *See* SAC ¶ 75 (emphasis added)

13

(quoting Manual at 8). This statement is again made in the "Other Safeguards" section for "De-scaling" to remove built-up calcium deposits. Manual at 8. This section first states that the use of "descaling solution can be harmful" and warns users to "[a]void contact with eyes, skin, and surfaces." *Id*. When "used correctly," the descaling agent "helps to ensure the proper functioning of your machine over its lifetime and that your coffee experience is as perfect as on the first day." *Id*. In context, the statement relates to consumer safety and extending the Machine's usable life.

The "should be performed" language here is not a required "condition" for tying under the MMWA.[8] 15 U.S.C. § 2302. *Merriam-Webster Dictionary* explains that "should" is "used in auxiliary function to express obligation, propriety, or expediency" while "must" means to "be compelled" or to be "required by law." *Should* and *Must*, Merriam-Webster, https://www.merriam-webster.com/dictionary (last visited Jan. 17, 2023). *See Albert v. Burwell*, 118 F. Supp. 3d 505, 513 (E.D.N.Y. 2015) ("The word 'must,' of course, possesses an 'unmistakably mandatory character.' In contrast, the word 'should' 'merely suggests an approach . . . .'") (internal citations omitted). Other language reaffirms that users have discretion in choosing service providers, even where the Manual uses "must." For example, where "the supply cord or the plug are damaged," the parts "*must* be replaced by the manufacturer, its service agent *or similarly qualified persons*." Manual at 5 (emphasis added). In context, the Service Theory has no basis in the Manual.

Even if this statement was a limitation under the Limited Guarantee, the Service Theory would fail. A requirement to use an authorized service representative itself would be legal under the FTC Guidance. Once again, the FTC Guidance makes clear that Nespresso can exclude liability "for defects or damage caused by 'unauthorized' articles or service." 16 C.F.R. § 700.10.

---

[8]     The verb "to condition" is defined as "to set prior requirements on (something) before it can occur or be done." *Condition*, Oxford English Dictionary (2019). An act of conditioning therefore is based on a mandatory requirement to maintain coverage overall.

Plaintiffs' argument that the "should be performed" language is "nearly identical" to sample language prohibited in the FTC Guidance is just wrong. SAC ¶ 36. The FTC Guidance explains that it could be improper to state that: "'[t]his warranty is void if service is performed by anyone other than an authorized 'ABC' dealer and all replacement parts must be genuine 'ABC' parts,' . . . where the service or parts are not covered by the warranty." SAC ¶ 36 (quoting 16 C.F.R. § 700.10(c)). That is not the case here. The Manual does not refer to an authorized "Nespresso" dealer, a "void" warranty, or any restriction on service "performed by anyone" else.

Plaintiffs finally claim that the "should be performed" language violates FTC Guidance which states that a warrantor may not refuse to pay labor costs if the warrantor requires a consumer to use "only [the repair] service (labor) identified by the warrantor." SAC ¶ 74 (citing 16 C.F.R. § 700.10). This statement is irrelevant, immaterial, and improperly suggests Nespresso has refused to pay those labor charges. By the Manual's plain terms, this is pure fiction. The Limited Guarantee states that "Nespresso will either repair or replace, at its discretion, any defective product at *no charge* to the owner." Manual at 33 (emphasis added). This allegation provides no support for the implied Service Theory, and should be stricken if the claims are not dismissed in their entirety. Fed. R. Civ. P. 12(f); *Correction Officers Benevolent Ass'n of Rockland Cnty. v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005) (striking allegations "clearly irrelevant to the case at hand").

### C.     Plaintiffs Have Not Alleged Cognizable Damages under the MMWA

The MMWA requires Plaintiffs "'to show that he has sustained actual damage, proximately caused by [the defendant's] failure to [comply] . . . with the MMWA' in order to state an actionable MMWA claim." *McGarvey v. Penske Auto. Grp., Inc.*, 639 F. Supp. 2d 450, 456 (D.N.J. 2009). *See Atchole v. Silver Spring Imports, Inc.*, 379 F. Supp. 2d 797, 802 (D. Md. 2005) (plaintiff must show "he has sustained actual damage, proximately caused by" defendant's conduct); *Moroz*, 2008

WL 109090, at *5 ("Courts have interpreted this provision as allowing a claim under the MMWA only to redress a breach of warranty that causes the Plaintiff to sustain actual damages.").

Plaintiffs have failed to allege such actual damage. Plaintiffs do not allege that their Machine had a defect requiring replacement parts or repair service, or that Nespresso denied warranty coverage in any way. Merely paying for a product with a defective warranty under the MMWA does not give rise to the requisite damage. *McGarvey v. Penske Auto. Grp., Inc.*, No. CIV. 08-5610 (JBS/AMD), 2011 WL 1325210, at *7 (D.N.J. Mar. 31, 2011) ("The MMWA does not consider a party to have been injured merely by agreeing to a warranty with a tying provision, and only provides for redress when some additional injury has occurred as a result of a violation of the MMWA."), *aff'd*, 486 F. App'x 276 (3rd Cir. 2012). *See also Kaplan v. Wholesale Auto. Supply Co.*, 2009 WL 1347404, at *16 (N.J. Super. Ct. App. Div. May 15, 2009) ("[T]he MMWA requires more than a showing that the plaintiff paid for a warranty that was technically illegal under the statute. Rather, the damage sustained by the plaintiff must flow from the violation."); *Moroz*, 2008 WL 109090, at *6 (Courts "have held that in the absence of a breach, the failure to describe a warranty adequately does not cause 'damages' within the meaning of the MMWA").

## IV.    PLAINTIFFS FAIL TO PLEAD STATE DECEPTIVE PRACTICES CLAIMS

### A.    Plaintiffs Do Not Plausibly Plead Any Deceptive Conduct

First, Plaintiffs fail to allege any deceptive conduct under the reasonable consumer standard for either the MUDBPA or NYGBL. *See Tomasella v. Nestle USA, Inc*., 962 F.3d 60, 71 (1st Cir. 2020) (deception under Mass. Gen. Laws ch. 93A must have "the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted"); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (deception under N.Y. Gen. Bus. Law § 349 must be "likely to mislead a reasonable consumer acting reasonably under the circumstances"). The law is "well settled" that a court may determine as a matter of law that

allegedly deceptive conduct "would not have misled a reasonable consumer." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020). *See Bush v. WellPet, LLC*, 534 F. Supp. 3d 179, 185 (D. Mass. 2021) (finding as a matter of law that "grain-free" pet food label would not mislead a reasonable consumer that product was gluten free).

Plaintiffs premise their claims on purported violations of the anti-tying provisions of the MMWA and Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1). SAC ¶¶ 114-115, 131. Plaintiffs again base the alleged deception on the implied Capsule and Service Theories. Under Section III.B, these theories fail. A reasonable reading of the Manual in context shows that the statements are legitimate safeguards to protect the user's safety and extend the Machine's productive life. *See, Daniel v. Tootsie Roll Indus., LLC*, No. 17-cv-7541(NRB), 2018 WL 3650015, at *11 (S.D.N.Y Aug. 1, 2018) (dismissing claims under N.Y. Gen. Bus. Law § 349 where the court can "easily conclude, as a matter of law," that allegedly deceptive behavior "would not mislead a reasonable consumer" where context "provide[s] more than adequate information for a consumer").

As described in Section III.A above, the Limited Guarantee fully complies with the FTC Guidance on the anti-tying provisions of the MMWA. Both statutes include "safe harbor" provisions for conduct consistent with the FTC Guidance. New York provides a "complete defense" where the conduct is "subject to and complies with the rules and regulations of, and the statutes administered by, the Federal Trade Commission . . . as such rules, regulations or statutes are interpreted by the Federal Trade Commission." N.Y. Gen. Bus. Law. § 349(d). *See also* Mass. Gen. Laws ch. 93A, § 3 (exempting "actions otherwise permitted" under state and federal regulations). For example, a court in this district recently dismissed deceptive practices claims where plaintiff failed to plausibly allege that the recyclability labeling of a plastic bottle was false or misleading based on the FTC's Green Guides for interpreting Section 5 of the FTC Act.

*Duchimaza v. Niagara Bottling, LLC*, No. 21-cv-6434 (PAE), 2022 WL 3139898, at *8-11 (S.D.N.Y. Aug. 5, 2022) (citing 16 C.F.R. § 260.12).

### B.        Plaintiffs Fail to Allege Any Actual Injury or Loss

The SAC again fails to allege facts plausibly showing that Plaintiffs have experienced any actual injury under these statutes. Legally recognizable injury "must involve objective, 'identifiable' harm that goes beyond the deception itself." *Shaulis v. Nordstrom, Inc*., 865 F.3d 1, 10 (1st Cir. 2017). *See Small v. Lorillard Tobacco Co*., 720 N.E.2d 892, 898 (N.Y. 1999) (rejecting "deception as both act and injury" absent "manifestation of either pecuniary or 'actual' harm").

First, Plaintiffs do not plausibly allege that they would not have otherwise purchased the Machine. Plaintiffs merely allege the Limited Guarantee does not comply with the anti-tying provisions of the MMWA, which cannot alone establish actual injury under either statute. *See Irvine v. Kate Spade & Co*., No. 16-CV-7300 (JMF), 2017 WL 4326538, at *4 (S.D.N.Y. Sept. 28, 2017) (rejecting plaintiff's Section 349 claim alleging only that "they 'would not have made their purchase[]' or that they 'would have paid less than they did'" but for defendant's deceptive conduct). Indeed, the injury must be a "'separate, identifiable harm arising from the . . . violation' that is distinct 'from the claimed unfair or deceptive conduct itself.'" *Bellerman v. Fitchburg Gas & Elec. Light Co.*, 54 N.E.3d 1106, 1111 (Mass. 2016); *Campbell v. Barclays Bank PLC*, 899 N.Y.S.2d 58 (Table), 2009 WL 1912098, at *6 (Sup. Ct. 2009) ("Just because plaintiff purchased goods that he might not have otherwise purchased does not constitute actual harm . . . .").

Plaintiffs also do not allege any facts to show they would have paid substantially less for the Machine or did not receive its full value, where they were never denied any warranty coverage. To state a claim for overpayment, a plaintiff must make factual allegations from which a jury could conclude that the product at issue was "deficient in some objectively identifiable way." *O'Hara v. Diageo–Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 458 (D. Mass 2018) (rejecting a conclusory

price premium based on statements that Stout was brewed in Ireland rather than Canada). *See also DaCorta v. AM Retail Grp., Inc.*, No. 16-CV-01748 (NSR), 2018 WL 557909, at *9 (S.D.N.Y. Jan. 23, 2018) (allegations "she would not have 'paid the amount she did' but for the deceptive practices. . . . [A]lone do not, demonstrate why a premium was paid for the product").

Plaintiffs further fail to plausibly allege that they paid "inflated prices" for Nespresso Vertuo branded coffee capsules under these statutes. SAC ¶ 78. Plaintiffs neglect to provide any plausible "objective measure against which the plaintiff[s'] allegations may be evaluated," as required for claims of injury premised on the overpayment of a product. *Shaulis*, 865 F.3d at 12. Plaintiffs do not plausibly allege that they would have purchased cheaper third-party capsules for use in the Machine absent the allegedly deceptive warranty terms. As described in Section I, Plaintiffs do not allege that the so-called "competing" products they list are compatible with the Machine (and instead allege there are no compatible third-party capsules). SAC ¶ 4. These products are not suitable comparators. This Court has previously emphasized that a plaintiff cannot compare the product at issue "to a completely different product in order to manufacture a price premium." *Housey v. Procter & Gamble Co.*, No. 21-cv-2286, 2022 WL 874731, at *8 (S.D.N.Y. Mar. 24) (finding plaintiffs failed to establish a premium associated with allegedly deceptive statements on benefits of charcoal toothpaste when appropriately compared to equally priced products in the same product line), *aff'd*, No. 22-888, 2022 WL 17844403 (2d Cir. Dec. 22, 2022). *See also Izquierdo v. Mondelez Int'l, Inc.*, No. 16-cv-04697(CM), 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) (merely alleging product at issue is "more expensive per ounce than other sweets" does not state injury because comparing Sour Patch Watermelon to Hot Tamales or Junior Mints "is the saccharine equivalent of comparing apples with oranges").

Plaintiffs further fail to allege a plausible causal connection for how the statements in the Limited Guarantee caused any alleged price premium. *Smith v. Apple, Inc.*, 583 F. Supp. 3d 554, 566 (S.D.N.Y. 2022) ("[A] price premium is not itself sufficient to demonstrate an injury under the GBL. The [P]laintiffs must still show a 'connection between the misrepresentation and any harm from, or failure of, the product.'"); *Hershenow v. Enter. Rent-A-Car Co. of Bos., Inc.,* 840 N.E.2d 526, 528 (Mass.) ("[P]roving a causal connection between a deceptive act and a loss to the consumer is an essential predicate for recovery under our consumer protection statute [ch. 93A]"), *aff'd sub nom.*, *Roberts v. Enter. Rent-A-Car Co. of Boston, Inc.*, 840 N.E.2d 541 (Mass. 2006). Plaintiffs fail to show that any price differential was caused by the alleged deceptive warranty terms rather than the value of the innovative Vertuo system and the quality coffee it produces.

## V.  PLAINTIFFS FAIL TO PLEAD COMMON LAW FRAUD CLAIMS

### A.  Plaintiffs Do Not Plead Fraud-Based Claims with Sufficient Particularity

Plaintiffs' common law claims for fraud, fraudulent omission, and unjust enrichment fail because they do not meet the heightened pleading requirements of Rule 9(b). The SAC contains only the conclusory allegation of fraudulent intent that Nespresso's purported "misrepresentations were made with knowledge of their falsehood" and that those misrepresentations were "intended to induce" putative class members to purchase the Machine or Nespresso Vertuo capsules. SAC ¶¶ 89-90, 95-96.[9] Other courts in this district have found pleadings insufficient based on conclusory allegations that a defendant made claims that it knew were unlawful or "knew its statements were not true nor accurate." *Bynum v. Fam. Dollar Stores, Inc.*, No. 20-cv-06878, 2022 WL 837089, at *8 (S.D.N.Y. Mar. 21, 2022). *See Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d.

---

[9]  The SAC alleges only that "Defendant manufactures, markets, and sells consumer products nationwide and knows that the FTC has stated that tying arrangements of the type that appears on Defendant's warranty are unlawful." SAC ¶ 95.

268, 281 (S.D.N.Y. 2021) ("'[T]he simple knowledge that a statement is false' is insufficient to plead a strong inference of fraudulent intent."); *Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 391 (S.D.N.Y. 2021). To the extent that Plaintiffs imply that Nespresso's motive was to "increase profit and sales," such a motive alone cannot support a strong inference of fraudulent intent. *See Chill v. Gen. Elec. Co.*, 101 F.3d 263, 268 (2d Cir. 1996); *Sarr v. BEF Foods, Inc.*, No. 18-cv-6409, 2020 WL 729883, at *9 (E.D.N.Y. Feb. 13, 2020).

## B.   Plaintiffs Do Not Otherwise Sufficiently Allege Fraudulent Conduct

The SAC fails to otherwise state any facts that would sufficiently allege common law fraud or fraudulent omission, relying only on bare allegations of the relevant elements.[10] As discussed above, Plaintiffs' SAC fails to allege a knowing and intentional false representation or omission of a material fact. *Taylor v. Am. Chemistry Council*, 576 F.3d 16, 31 (1st Cir. 2009); *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 218 (S.D.N.Y. 2007), *aff'd*, 354 F. App'x 496 (2d Cir. 2009). The SAC does not allege any facts that Nespresso even knew that its Limited Guarantee was (allegedly) unlawful when Plaintiffs purchased the Machines. At the very least, given the FTC Guidance which makes it lawful for a warrantor to exclude liability for "unauthorized articles or services," the lack of any express tying in the Limited Guarantee itself, and the legal requirement for Nespresso to provide safety warnings to consumers, there is "sufficient ambiguity" in the law which negates any inference of fraud in the SAC. *Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 147-48 (S.D.N.Y. 2021) (dismissing fraud claims where there is "sufficient ambiguity in the regulations and definitions . . . that regulatory guidance alone is not sufficient to infer the defendant's knowledge that its statements were false or misleading").

---

[10]   We apply here both New York and Massachusetts law to Plaintiffs' individual claims based on where they allegedly purchased the products under New York conflict of law rules. *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 149 (S.D.N.Y. 2008).

For fraudulent omission, Plaintiffs do not allege that Nespresso had any affirmative duty to disclose any information on the legality and enforceability of its publicly available warranty terms. *See Bayne*, 2022 U.S. Dist. LEXIS 172973, at *11-12 (dismissing fraudulent omission claims where plaintiff did not allege that retailer owed purchasers a duty to disclose material information and alleged knowledge was based on publicly available information); *Costa v. FCA US LLC*, 542 F. Supp. 3d 83, 102 (D. Mass. 2021) (dismissing claim for failure to plausibly allege a car manufacturer's duty to disclose material information or knowledge of safety defect).

Likewise, the SAC fails to adequately allege that Plaintiffs reasonably relied on any alleged false representation or suffered any injury. Plaintiffs do not plausibly allege that reliance was "reasonable under the circumstances" where a reading of the Manual in context would not deceive a reasonable consumer. *In re Sheedy,* 801 F.3d 12, 23 (1st Cir. 2015); *see Daniel*, 2018 WL 3650015, at *15 (dismissing fraud claim for lack of justifiable reliance where the packaging viewed as a whole would not mislead a person of ordinary intelligence as to the size of the product).

Finally, as discussed in Sections I, III.C, and IV.B above, Plaintiffs have made only conclusory allegations of injury. Plaintiffs failed to provide plausible evidence of the existence of third-party capsules that are safe and compatible for the Machine to support the allegation that they bought Nespresso Vertuo branded capsules at "inflated prices." SAC ¶ 2. As this Court has noted, a failure to adequately plead a price premium based on a "proper comparison" or other supporting allegations is fatal for common law fraud claims as well. *Housey*, 2022 WL 874731, at *8.

### C.    Plaintiffs Cannot State a Claim for Unjust Enrichment.

Plaintiffs argue that "Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class and Subclass Members' purchases of the [Machine]" and that "[r]etention of those moneys under these circumstances [was] unjust and inequitable." SAC ¶ 82. Massachusetts and New York law both preclude an unjust enrichment claim when there is an

adequate remedy at law. *Santagate v. Tower,* 833 N.E.2d 171, 176 (Mass. App. Ct. 2005) ("An equitable remedy for unjust enrichment is not available to a party with an adequate remedy at law."); *Stanley v. Direct Energy Servs., LLC,* 466 F. Supp. 3d 415, 431 n.5 (S.D.N.Y. 2020) (same). An unjust enrichment claim is also unavailable where it simply duplicates, or replaces, a conventional contract or tort claim. *Corsello v. Verizon N.Y., Inc.,* 967 N.E.2d 1177, 1185 (N.Y. 2012). Plaintiffs do not allege any distinct damages in their unjust enrichment claim.

## VI.   PLAINTIFFS CANNOT SEEK A DECLARATORY JUDGMENT

Plaintiffs' declaratory judgment claim should be dismissed as duplicative of their MMWA claim. Plaintiffs' declaratory judgment claim (Count 5) seeks a determination by the Court that "Defendant's tying arrangements are void and unenforceable" under "federal law." SAC ¶ 103. Courts deny declaratory judgment claims "when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract." *Deutsche Alt-A Sec. Mortg. Loan Tr., Series 2006-OA1 v. DB Structured Prods., Inc.,* 958 F. Supp. 2d 488, 507 (S.D.N.Y. 2013). Plaintiffs have separately sought relief under the private cause of action provided in the MMWA. *See* SAC ¶¶ 63-78. Declaratory judgment would be "inappropriate" given that "[the] party has already invoked its right to a coercive remedy." *Cable First Constr. Inc. v. Lepetiuk Eng'g Corp.,* No. 20 CIV. 5894 (AKH), 2021 WL 276707, at *3 (S.D.N.Y. Jan. 27, 2021).

Plaintiffs also lack an "actual controversy that is ripe for determination" because their warranties have expired already without alleged incident. The SAC alleges that "Plaintiff[] cannot take full advantage of [her] Product's warranty without purchasing Nespresso Vertuo branded Coffee Capsules at inflated prices." SAC ¶ 101. But the term of the Limited Guarantee is only one year and Plaintiffs' most recent purchase was in December 2021, meaning all of the Machines' warranties have expired. SAC ¶¶ 11-12; Manual at 33. The Plaintiffs' requests for declaratory judgment are all moot. *Hollings v. TransactTools, Inc.,* No. 03-cv-4523(JSR), 2004 WL 1276821,

at *2 (S.D.N.Y. June 9, 2004) ("[S]ince the term of the non-compete agreement has now expired, a declaration of its alleged non-enforceability is moot."), *aff'd*, 128 F. App'x 820 (2d Cir. 2005); *A.L.A.C. Contracting Corp. v. Road & Heavy Construction Laborers' Union Local #1298*, No. 06-cv-4819 (JS)(WDW), 2007 WL 9710935, at *5 n.4 (E.D.N.Y. July 23, 2007) ("As the term of the CBA is obviously expired at this point, Plaintiff's request for a declaratory judgement is moot."). *See also Tomassini v. FCA US LLC*, No. 3:14-cv-1226 (MAD/DEP), 2015 U.S. Dist. LEXIS 81009, at *29-30 (N.D.N.Y. June 23, 2015) (expired warranty precluded declaratory judgment claim).

## VII.  ALTERNATIVELY, THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS

### A.  Court Orders to Strike Class Allegations Are Appropriate Where Claims Involve Variations in Governing Law or Individualized Factual Inquiries

The Federal Rules encourage resolution of class issues expeditiously as practicable, considering the need for any reasonable discovery. *See* Fed. R. Civ. P. 23(c)(1). Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D) permit a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts in this circuit "have held that such motions may be addressed 'prior to the certification of a class if the inquiry would not mirror the class certification inquiry and if resolution of the motion is clear.'" *Davito v. AmTrust Bank*, 743 F. Supp. 2d 114, 115 (E.D.N.Y. 2010) (citation omitted) (collecting cases).

While sometimes described as "disfavored," courts should still grant motions to strike at the pleading stage when it is clear from the face of the complaint that those allegations are defective. *Garcia v. Execu|Search Grp., LLC*, No. 17CV9401, 2019 WL 689084, at *1 (S.D.N.Y. Feb. 19, 2019); Joseph M. McLaughlin, *McLaughlin on Class Actions* § 3.4 (19th ed. 2022) (motions to strike "should not be the norm, but are appropriate where the unsuitability of class treatment is evident on the face of the complaint and incontrovertible facts"). They can remove

"unnecessary clutter from the case, [and] serve to expedite, not delay." *Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014) (alteration in original).

Motions to strike class allegations are often "granted when the defendant shows that the underlying class claims either require individualized inquiries, there are substantive variations in the governing law, or both." *Harris v. Rust-Oleum Corp.*, No. 21-CV-01376, 2022 WL 952743, at *3 (N.D. Ill. Mar. 30, 2022); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 944-46, 948-49 (6th Cir. 2011); *Barrus v. Dick's Sporting Goods, Inc.*, 732 F. Supp. 2d 243, 253 (W.D.N.Y. 2010) (striking class allegations given variation in state laws); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 832 (N.D. Ill. 2013) (predominance could not be met even at the pleading stage when "the lawsuit present[ed] a slew of legal and factual questions that are unique to each class member"). "[C]ourts may—and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained." *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010). *See Rikos v. Procter & Gamble Co.*, No. 1:11-cv-226, 2012 WL 641946, at *4 (S.D. Ohio Feb. 28, 2012) (striking allegations where the class could not be certified as defined and "no proffered or potential factual development offer[ed] any hope of altering that conclusion").

**B.     Plaintiffs' Nationwide Class and State Sub-Classes Should be Stricken**

      **1.     Plaintiff's Nationwide Class Allegations for the Common Law Claims Require Application of the Common Laws of All 50 States**

Plaintiffs' nationwide Common Law class allegations should be stricken because they require application of inconsistent and potentially conflicting laws of all 50 states. In *Pilgrim*, for example, the Sixth Circuit upheld a decision striking a nationwide class of consumers in a deceptive advertising suit involving a discount healthcare program. 660 F.3d at 944. The court found "no common legal issues favor a class-action approach to resolving this dispute," since

"different laws would govern the class members' claims" and there was "no proffered or potential factual development [that] offers any hope of altering that conclusion." *Id*. at 946-47, 949. Similarly, in *In re Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Relevant Products Liability Litigation*, the court struck nationwide product liability and consumer fraud claims where the laws of all fifty states would apply. 275 F.R.D. 270, 275-76 (S.D. Ill. 2011). When the variations were "slight, [but] not insignificant," the court found it improper to seek to apply a "general common law." *Id*. Since "no amount of time or discovery can cure these deficiencies," it was "obvious from the pleadings that no class action can be maintained." *Id*. at 274.

The trial of Plaintiffs' nationwide Common Law claims here will require application of the laws of all 50 states. Under New York conflict of law rules, the courts will apply the substantive law of the situs of the tort for conduct-regulating claims. *Kinsey v. New York Times Co.*, 991 F.3d 171, 176 (2d Cir. 2021). In consumer fraud cases, courts generally apply the law of the state where each plaintiff purchased and used the relevant product as the state usually has the greatest interest at stake in the litigation (rather than where the fraudulent conduct was designed). *In re Grand Theft Auto Video Game Consumer Litig.,* 251 F.R.D. at 149. In a sweeping nationwide class action like this one, the laws of all fifty states will likely apply with their own separate and potentially conflicting standards. In this context, "the Court cannot ignore differences in state law in order to facilitate class treatment." *In re Yasmin*, 275 F.R.D. at 276. *See Cowit v. Citimortgage, Inc*., No. 12-cv-869, 2013 U.S. Dist. LEXIS 32219, at *21 (S.D. Ohio Mar. 8, 2013) (striking class for fraud and unjust enrichment "due to the considerable variation in the state laws governing them").

Variation in the basic elements of an unjust enrichment claim "have generally precluded nationwide class certifications." *Kottler v. Deutsche Bank AG*, No. 05 Civ. 7773 (PAC), 2010 U.S. Dist. LEXIS 30590, at *12 (S.D.N.Y. Mar. 29, 2010). State laws vary as to (1) what makes a

benefit "unjust," (2) when it is barred by an adequate legal remedy, (3) whether an express contract bars claims, and (4) where it may constitute a separate cause of action. *Hanks v. Lincoln Life & Annuity Co. of N.Y.*, 330 F.R.D. 374, 386 (S.D.N.Y. 2019). Other material differences apply to privity requirements, where some states preclude recovery from a manufacturer where (as here) the consumer purchases the product through a retailer or distributor. *Savett v. Whirlpool Corp.*, No. 12 CV 310, 2012 WL 3780451, at *7 (N.D. Ohio Aug. 31, 2012); *But see Kunzelmann v. Wells Fargo Bank, N.A.*, No. 9:11-cv-81373-DMM, 2013 WL 139913, at *6 (S.D. Fla. Jan. 10, 2013). Some do not even recognize unjust enrichment claims at all. *In re Actiq Sales & Mktg. Pracs. Litig.*, 307 F.R.D. 150, 165 (E.D. Pa. 2015) (finding states not readily susceptible to grouping).

These differences make a nationwide class for unjust enrichment claims unmanageable and present "'insuperable obstacles' to determining liability based on common proof." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 148 (2d Cir. 2015). Most courts have declined to certify nationwide classes for unjust enrichment claims. *Colley v. Procter & Gamble Co.*, No. 16-CV-918, 2016 WL 5791658, at *7 (S.D. Ohio Oct. 4, 2016) (striking allegations where "varying state laws preclude Plaintiffs from pursuing an unjust enrichment claim on behalf of a nationwide class"); *Rapp v. Green Tree Servicing, LLC*, 302 F.R.D. 505, 513 (D. Minn. 2014) ("As countless courts have found, 'the states' different approaches to, or elements of, unjust enrichment are significant.'"); *Hughes v. Ester C Co.*, 317 F.R.D. 333, 353 (E.D.N.Y. 2016) (finding the variation as to the privity requirements for an unjust enrichment claim is enough to defeat certification).

The elements of fraud and fraudulent omission claims also differ meaningfully by state. A nationwide class is "obliged to apply the laws of all fifty states to determine the need for proving such matters as intent, reliance, causation and injury before even addressing the form and extent of any relief that might be appropriate." *In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 67-68

(S.D.N.Y. 2002). For example, there is significant variation in the required intent bearing on issues of proof about what Nespresso knew or believed about the alleged misrepresentations or omissions about the legality and enforceability of its warranty terms. For affirmative misrepresentations, many states including New York, Massachusetts, and California require that the defendant know or believe that the misrepresentation is false, while other states such as Texas and Utah require only that the misrepresentation was made recklessly.[11] On the other hand, variations would also impact the assessment of the knowledge of individual putative class members. While states such as Utah, Colorado, and South Carolina require some showing of a plaintiff's ignorance of the falsehood, there is no requirement in California, New York, Florida, or Texas.[12]

On its face, the SAC states complex multiprong theories of harm across alternative implied Capsule and Service Theories that would be unmanageable as a nationwide class. SAC ¶¶ 76-78, 82, 91, 96. Proof would require a multipronged legal assessment on whether state law will recognize the alleged misrepresentation about the lawfulness and enforceability of the Limited Guarantee terms. Different state laws will continue to govern questions of whether Nespresso had sufficient knowledge of the falsity of the alleged misrepresentations and the requisite intent to defraud. Further, different standards will apply to whether the Plaintiffs reasonably relied on any such misrepresentations in choosing their capsules and / or using Nespresso authorized service, and whether they were injured as a result.

---

[11]     *See Spector v. Wendy*, 881 N.Y.S.2d 465, 467 (App. Div. 2009); *Rogers v. Nstar Elec.*, 389 F. Supp. 2d 100, 108 (D. Mass. 2005); *Je Ho Lim v. The.TV Corp. Int'l*, 121 Cal. Rptr. 2d 333, 339 (Ct. App. 2002), *Traversa v. Nielsen*, No. 156014026, 2017 WL 4274013, at *3 (Conn. Super. Ct. Aug. 17, 2017); *Loveland Essential Grp. v. Grommon Farms*, 251 P.3d 1109, 1116 (Colo. App. 2010). *But see, Giusti v. Sterling Wentworth Corp.*, 201 P.3d 966, 977 n.38 (Utah 2009); *In Int. of C. M. V.*, 479 S.W.3d 352, 361 (Tex. Ct. App. 2015).

[12]     *Schnellmann v. Roettger*, 627 S.E.2d 742, 745 (S.C. Ct. App. 2006), *aff'd as modified*, 645 S.E.2d 239 (S.C. 2007); *Giusti*, 201 P.3d at 977 n.38, *modified by Cent. Utah Water Conservancy Dist. v. King*, 297 P.3d 619 (Utah 2013); *Loveland Essential Grp., LLC*, 251 P.3d at 1116. *But see Spector*, 881 N.Y.S.2d at 467; *Townsend v. Morton*, 36 So. 3d 865, 868 (Fla. Dist. Ct. App. 2010); *In Int. of C. M. V.*, 479 S.W.3d at 361-62.

## 2. Class Allegations Here Require Highly Individualized Assessment

The nationwide and statewide class allegations should also be stricken because they are subject to highly individualized inquiries on injury (standing), reliance, and damage. Courts have granted similar motions to strike where determining these issues would require a series of "mini-trials." *Salvador v. Allstate Prop. & Cas. Ins. Co.*, No. CV 19-2754 (RJL), 2020 WL 7042843, at *6 (D.D.C. Nov. 30, 2020); *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 124 (S.D.N.Y. 2012) (striking class allegations where named plaintiff lacked standing).

In *Sanders v. Apple Inc.*, for example, the court granted a motion to strike fraud and warranty class allegations over the advertised display quality of one of its iMac models because individual inquiries would "overwhelmingly" predominate. 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Proving reliance would require a determination for each class member on materiality, whether they saw the relevant statements, and what ultimately caused them to make the purchase. *Id*. at 990. Further, "these individual inquiries very likely would be subject to the differing state laws that may or may not apply." *Id*. at 991. The court also found the class was not ascertainable where some members necessarily lacked standing, including those who did not make relevant purchases or suffered no damages. *Id*. The motion was timely because striking "impertinent" class allegations would "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id*. (internal citation omitted).

Other courts have dismissed single state class allegations for similar reasons. In *Green v. Green Mountain Coffee Roasters*, the court struck state unjust enrichment and the state consumer protection class allegations because proof would require "an individualized inquiry" into several factors. 279 F.R.D. 275, 285 (D.N.J. 2011). For the unjust enrichment claim, for example, the court would need to assess whether putative New Jersey class members experienced injury from the machine not producing the expected amount of coffee and whether they purchased the machines

directly from defendants. *Id*. *See also In re Yasmin*, 275 F.R.D. at 277 (striking alternative statewide class based on individualized issues of "whether each class member saw a particular representation, whether the representation related to the medicine ingested by the particular class member, and/or whether the representation was a factor in the decision making process").

Based on the face of the SAC, complex individualized questions of fact around each purchaser's factual circumstances exist here. Issues of proof will include whether plaintiffs reviewed and relied on the Limited Guarantee in purchasing the relevant Machine, capsules, or service from an authorized service provider. Further, questions will predominate as to whether and how the particular individual suffered actual injury. There is no way to fairly resolve a class of plaintiffs' claims in a single trial, and no discovery would change this central defect.

For these reasons, we respectfully urge the Court to dismiss the SAC or in the alternative to strike the class allegations asserted.

Dated:        January 20, 2023

Respectfully submitted,

Linklaters LLP

By:     /s/ *Adam S. Lurie*
Adam S. Lurie
Richard C. Smith
601 13th St. NW
Suite 400
Washington, DC 20005
(202) 654-9200
adam.lurie@linklaters.com
richard.smith@linklaters.com

John W. Eichlin
1290 Avenue of the Americas
New York, NY 10104
(212) 903-9291
john.eichlin@linklaters.com

*Attorneys for Defendant Nespresso USA, Inc.*