UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

ABIGAIL SHAUGHNESSY, ADITYA PATHAK, and KATHERINE ALEGRE, individually and on behalf of all others similarly situated,

                      Plaintiffs,

            v.

NESPRESSO USA, INC.,

                      Defendant.

---------------------------------------------------------------- x

Case No. 1:22-CV-06815-NRB

Hon. Judge Naomi Reice Buchwald

**REPLY IN SUPPORT OF NESPRESSO USA, INC'S
MOTION TO DISMISS OR IN THE ALTERNATIVE TO STRIKE THE
CLASS ALLEGATIONS**

**TABLE OF CONTENTS**

                                                                                         **Page**

TABLE OF AUTHORITIES .................................................................................................................. ii

ARGUMENT .......................................................................................................................................... 1

    I.      Plaintiffs' SAC Should Be Dismissed in its Entirety...................................................... 1

           A.     Plaintiffs Do Not Plausibly Support their Conclusory Allegations of Injury..... 1

           B.     Plaintiffs Rely on Outdated and Unpersuasive Caselaw to Claim Subject Matter Jurisdiction under the MMWA. .......................................................................... 3

           C.     Plaintiffs' Reliance on FTC Materials Does Not Support their MMWA Assertions. ........................................................................................................... 4

           D.     Plaintiffs' Opposition Fails to Show They Alleged Damages under the MMWA. ............................................................................................................... 6

           E.     Plaintiffs Do Not Adequately Allege the Conduct Violates the NYGBL or MUDPBA. ........................................................................................................... 7

           F.     Plaintiffs Fail to Show a Connection Between the Challenged Conduct and the Harm Required for the NYGBL or MUDPBA Claims. ..................................... 7

           G.     Plaintiffs Do Not Plead Common Law Fraud Claims with Sufficient Particularity. ........................................................................................................ 8

           H.     Plaintiffs Ignore that Unjust Enrichment Claims Cannot Stand Where There Are Alternative Remedies at Law. ..................................................................... 9

    II.     Striking the Class Allegations Is Not Premature. ......................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re A2P SMS Antitrust Litig.*,
 No. 12 CV 2656 (AJN), 2014 WL 2445756 (S.D.N.Y. May 29, 2014) ................................... 2

*In re Amla Litig.*,
 282 F. Supp. 3d 751 (S.D.N.Y. 2017) .................................................................................... 8

*Barrus v. Dick's Sporting Goods, Inc.*,
 732 F. Supp. 2d 243 (W.D.N.Y. 2010) ............................................................................. 9, 10

*Bayne v. Target Corp.*,
 No. 1:21-cv-05938 (MKV), 2022 WL 4467455 (S.D.N.Y. Sept. 23, 2022) ........................ 3, 4

*Belcastro v. Burberry Ltd.*,
 No. 16-CV-1080, 2017 WL 744596 (S.D.N.Y. Feb. 23, 2017) ............................................. 9

*Bey v. Mazda Motor of Am.*,
 No. 22-CV-3328 (JPO), 2023 WL 112555 (S.D.N.Y. Jan. 5, 2023) ..................................... 3

*Chiarelli v. Nissan North America, Inc.*,
 No. 14-CV-4327, 2015 WL 5686507 (E.D.N.Y. Sept. 25, 2015) ......................................... 7

*Cooper v. Anheuser-Busch, LLC*,
 553 F. Supp. 3d 83 (S.D.N.Y. 2021) ...................................................................................... 5

*Daniel v. Tootsie Roll Indus., LLC*,
 No. 17-cv-7541(NRB), 2018 WL 3650015 (S.D.N.Y Aug. 1, 2018) .................................... 5

*In re Dial Complete Mktg. & Sales Pracs. Litig.*,
 312 F.R.D. 36 (D.N.H. 2015) ............................................................................................... 10

*Ebin v. Kangadis Food Inc.*,
 297 F.R.D. 561 (S.D.N.Y. 2014) .......................................................................................... 10

*Fishon v. Peloton Interactive, Inc.*,
 No. 19-cv-11711 (LJL), 2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020) .............................. 7, 8

*Floyd v. Am. Honda Motor Co.*,
 966 F.3d 1027 (9th Cir. 2020) ................................................................................................ 4

*Gomez-Jimenez v. N.Y. L. Sch.*,
 956 N.Y.S.2d 54 (App. Div. 2012) ........................................................................................ 7

*Gordon v. Target Corp.*,
    No. 20-CV-9589 (KMK), 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022) .................................7

*Hart v. BHH, LLC*,
    No. 15cv4804, 2017 WL 2912519 (S.D.N.Y. July 7, 2017) ...................................................10

*Hershenow v. Enter. Rent-A-Car Co. of Bos., Inc.*,
    840 N.E.2d 526 (Mass.), *aff'd sub nom.*, *Roberts v. Enter. Rent-A-Car Co. of
    Bos., Inc.*, 840 N.E.2d 541 (Mass. 2006) ..................................................................................8

*Housey v. Procter & Gamble Co.*,
    No. 21-cv-2286, 2022 WL 874731 (S.D.N.Y. Mar. 24), *aff'd*, No. 22-888,
    2022 WL 17844403 (2d Cir. Dec. 22, 2022) .............................................................................8

*Lazard Freres & Co. v. Protective Life Ins. Co.*,
    108 F.3d 1531 (2d Cir. 1997)......................................................................................................9

*Leflar v. Makita U.S.A., Inc.*,
    No. 43CV-22-377 (Ark. Cir. Ct. Aug. 15, 2022) .......................................................................2

*Lewis v. Mercedes-Benz USA, LLC*,
    530 F. Supp. 3d 1183 (S.D. Fla. 2021) ......................................................................................3

*In re Livent, Inc. Noteholders Sec. Litig.*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001).................................................................................1, 3

*McGarvey v. Penske Auto. Grp., Inc.*,
    639 F. Supp. 2d 450 (D.N.J. 2009) ............................................................................................6

*McGarvey v. Penske Auto. Grp., Inc.*,
    No. CIV. 08-5610 JBS/AMD, 2011 WL 1325210 (D.N.J. Mar. 31, 2011),
    *aff'd*, 486 F. App'x 276 (3d Cir. 2012).......................................................................................6

*Opheim v. Volkswagen Aktiengesellschaft*,
    Civ. No. 20-02483 (KM) (ESK), 2021 WL 2621689 (D.N.J. June 25, 2021).........................4

*Rezendes v. Mitsubishi Motors N. Am., Inc.*,
    No. 22-CV-10211-AK, 2023 WL 1864405 (D. Mass. Feb. 9, 2023) .......................................4

*Schaer v. Newell Brands, Inc.*,
    No. 3:22-CV-30004-MGM, 2023 WL 2033765 (D. Mass. Feb. 16, 2023)...................1, 2, 8, 9

*In re Scotts EZ Seed Litig.*,
    304 F.R.D. 397 (S.D.N.Y. 2015) ..............................................................................................10

*Shaulis v. Nordstrom Inc.*,
    120 F. Supp. 3d 40 (D. Mass. 2015), *aff'd*, 865 F.3d 1 (1st Cir. 2017).....................................9

*Shaulis v. Nordstrom, Inc.*,
    865 F.3d 1 (1st Cir. 2017) ..................................................................................................8

*Small v. Lorillard Tobacco Co.*,
    720 N.E.2d 892 (N.Y. 1999) ..............................................................................................7

*Smith v. Apple, Inc.*,
    583 F. Supp. 3d 554 (S.D.N.Y. 2022) ................................................................................8

*Stevens v. Ford Motor Co.*,
    No. 2:18-CV-456, 2020 WL 12573279 (S.D. Tex. Nov. 2, 2020) .....................................3

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
    No. 14-CV-3826 MKB, 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ............................9

*Weisblum v. Prophase Labs, Inc.*,
    88 F. Supp. 3d 283 (S.D.N.Y. 2015) ...............................................................................3, 4

*Zivkovic v. Laura Christy, LLC*,
    No. 1:17-cv-553-GHW, 2022 WL 1697991 (S.D.N.Y. May 26, 2022) .............................2

**OTHER AUTHORITIES**

16 C.F.R. § 700.10 .........................................................................................................................5

*Analysis of Proposed Consent Order to Aid Public Comment, In the Matter of
    Harley-Davidson Motor Company Group, LLC*, F.T.C. File No. 2123140
    (June 2022), https://www.ftc.gov/system/files/ftc_gov/pdf
    /2123140HarleyDavidsonAAPC.pdf ..................................................................................4

*Analysis of Proposed Consent Order to Aid Public Comment, In the Matter of
    MWE Investments*, F.T.C. File No. 2223012 (June 2022),
    https://www.ftc.gov/system/files/ftc_gov/pdf/2223012WestinghouseAAPC.pd
    f .........................................................................................................................................4

*Analysis of Proposed Consent Order to Aid Public Comment, In the Matter of
    Weber-Stephen Products*, F.T.C. File No. 2123139 (July 2022),
    https://www.ftc.gov/system/files/ftc_gov/pdf/6.27.22%20Weber%20Analysis
    %20to%20Aid%20Public %20Comment.pdf ....................................................................4

Nespresso USA, Inc. ("Nespresso") submits this Reply in support of its Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC") or in the Alternative to Strike the Class Allegations (ECF Nos. 32 & 33) ("MTD").

In a ploy to overcome dismissal, Plaintiffs' Opposition offers false or "straw-man" characterizations of Nespresso's arguments, applicable caselaw, FTC guidance, and its own SAC. Then, Plaintiffs address these characterizations instead of the SAC's *actual* deficiencies. Plaintiffs do not demonstrate that they have standing, show that Nespresso's limited warranty violated the law, or rescue the SAC from dismissal. Plaintiffs' efforts to brush aside the SAC's facially defective class allegations fail too.

## ARGUMENT

### I.  PLAINTIFFS' SAC SHOULD BE DISMISSED IN ITS ENTIRETY.

### A.  Plaintiffs Do Not Plausibly Support their Conclusory Allegations of Injury.

Plaintiffs' Opposition (ECF No. 35) ("Opp.") falsely claims that the SAC alleges "that Defendant's failure to comply with the law has actually decreased the value of the Products they had purchased." Opp. at 3. Plaintiffs do not dispute that the SAC does not contain even this conclusory "actual decrease" allegation, and the Opposition brief may not add it. *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 432 (S.D.N.Y. 2001) ("The complaint cannot, of course, be amended by the briefs in opposition to a motion to dismiss."). Plaintiffs' reliance on "common sense" does not help them. Opp. at 3. The alleged decrease in value is speculative and conclusory, and the SAC contains no allegation that the Machines had any defect or that Defendants denied them any coverage.

Plaintiffs' reliance on *Schaer v. Newell Brands Inc.* is misplaced and supports dismissal. *See* Opp. at 4-5 (citing *Schaer v. Newell Brands Inc.*, No. 3:22-CV-30004-MGM, 2023 WL 2033765 (D. Mass. Feb. 16, 2023)). Unlike Plaintiffs in this case, the plaintiff in *Newell Brands*

alleged much more than the mere existence of a purportedly unlawful warranty restriction. *Id.* at *1. There, the plaintiff also alleged that the product malfunctioned and stopped working correctly, that the plaintiff performed a "minor disassembly" to fix it, and that the warranty was therefore void. *Id.* The court still found standing "a close question," and (just) adequate specifically because the plaintiff allegedly attempted "to fix the filter" which "did void the warranty, per its terms." *Id.* Here, the SAC does not allege that the Machines were defective in any way or that their warranties were actually voided. Even more, Plaintiffs do not allege that they tried to repair or to modify the Machines for third-party capsules. Instead of helping Plaintiffs, *Newell Brands* underscores why Plaintiffs have not alleged standing and dismissal is appropriate.

*Leflar v. Makita U.S.A*. is similarly unhelpful to Plaintiffs. *See* Opp. at 5 (citing *Leflar v. Makita U.S.A., Inc.,* No. 43CV-22-377 (Ark. Cir. Ct. Aug. 15, 2022)). *Makita* is an Arkansas state court decision. The plaintiff in that case pointed to Arkansas law interpreting, for example, the Arkansas tort of conversion to support her argument that she had adequately alleged statutory standing. *See* Pl.['s] Opp'n to Def.['s] Mot. for J. on the Pleadings at 8, *Makita*, No. 43CV-22-377, Diamond Decl., Ex. D, at 9, ECF No. 36-4. Even more, the court issued only a one-line order finding that "Plaintiff ha[d] standing," with no reasoning to support the conclusion. Order at 1, *Makita,* No. 43CV-22-377, Diamond Decl., Ex. A, at 2, ECF No. 36-1. Thus, this decision has no "persuasive force." *See In re A2P SMS Antitrust Litig.*, No. 12 CV 2656 (AJN), 2014 WL 2445756, at *8 (S.D.N.Y. May 29, 2014); *see also Zivkovic v. Laura Christy, LLC*, No. 1:17-cv-553-GHW, 2022 WL 1697991, at *4 (S.D.N.Y. May 26, 2022).

Plaintiffs also argue that they alleged actual harm based on a purported price premium for capsules. Opp. at 3-4. However, the SAC does not contain an allegation sufficient to show any purported price difference exists or is fairly traceable to the conduct here. Opp. at 2. Contrary to

Plaintiffs' assertion, Plaintiffs' claim that they paid a price premium cannot co-exist with the SAC's admission that no other capsule is compatible with the Machine. *See* SAC ¶ 5. This admission means no competing, comparable, or less expensive capsules are available for the Machine, thereby eviscerating Plaintiffs' standing argument. MTD, at 7.[1]

**B.     Plaintiffs Rely on Outdated and Unpersuasive Caselaw to Claim Subject Matter Jurisdiction under the MMWA.**

With respect to whether the Class Action Fairness Act of 2005 provides an alternative basis for jurisdiction here over the MMWA's 100 named plaintiffs requirement,[2] Plaintiffs falsely claim that a case from eight years ago reflects the majority position today. Opp. at 5-6 (citing *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283 (S.D.N.Y. 2015)).

In fact, the most recent case on this issue in this district found that, as "the majority of other courts to have addressed this issue have persuasively reasoned, Plaintiffs' position 'is flatly contradicted by the plain text of the MMWA.'" *Bayne v. Target Corp.*, No. 1:21-cv-05938 (MKV), 2022 WL 4467455, at *4 (S.D.N.Y. Sept. 23, 2022). The court explained that *Weisblum* is flawed and among "a minority of courts" on the issue. 2022 WL 4467455, at *4 n.8; *see also Stevens v. Ford Motor Co.*, No. 2:18-CV-456, 2020 WL 12573279, at *13 (S.D. Tex. Nov. 2, 2020) ("While [*Weisblum*] did reach that result …. [T]he MMWA requirement of 100 named plaintiffs in a class action means what it says and that CAFA did not impliedly repeal that requirement."); *Lewis v.*

---

[1]     Plaintiffs suggest that Nespresso's purported "design patent" has some bearing on the Machine's compatibility with "third-party coffee capsules" Opp. at 4, n.1. Plaintiffs' point, however, is entirely undeveloped, unexplained, and unpersuasive. Any such claim would be new and inconsistent with the express allegations that no other capsules are compatible with the Machine. *See* SAC ¶ 4. Again, Plaintiffs cannot amend the SAC in their brief. *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. at 432.

[2]     Plaintiffs' Opposition totally ignores that this Court also lacks subject matter jurisdiction because Plaintiffs failed to meet the $50,000 amount in controversy requirement. MTD, at 9. *See Bey v. Mazda Motor of Am.*, No. 22-CV-3328 (JPO), 2023 WL 112555, at *4 (S.D.N.Y. Jan. 5, 2023).

3

*Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1206 (S.D. Fla. 2021) (noting "a split of authority" with *Weisblum* but finding it "difficult to conceive how the text could be any clearer").

The "best-reasoned case" on this issue is *Floyd v. American Honda Motor Co.*, 966 F.3d 1027 (9th Cir. 2020). *See Bayne*, 2022 WL 4467455, at *4; *Rezendes v. Mitsubishi Motors N. Am., Inc.*, No. 22-CV-10211-AK, 2023 WL 1864405, at *7 (D. Mass. Feb. 9, 2023) (finding *Floyd* "correctly adheres to this circuit's and the Supreme Court's principles of statutory interpretation"); *Opheim v. Volkswagen Aktiengesellschaft*, Civ. No. 20-02483 (KM) (ESK), 2021 WL 2621689, at *12 (D.N.J. June 25, 2021) ("Every court [in this district] to address *Floyd* has followed it."). Incredibly, Plaintiffs do not even address *Floyd* and do not cite to a single decision post-*Floyd*.

**C.    Plaintiffs' Reliance on FTC Materials Does Not Support their MMWA Assertions.**

Plaintiffs argue that the Limited Guarantee is "similar" or "almost identical[]" to other warranty terms the FTC has challenged. Opp. at 7-8. Again, this is false, and Plaintiffs ignore FTC guidance that nearly identical language to the Limited Guarantee is lawful.

Plaintiffs' comparisons to recent FTC "formal adjudications" involving negotiated consents are unavailing straw-men comparisons. The warranty language in these cases state that the *entire* warranty will be "void," the warranty will no longer apply, and/or the entire coverage of the product will be excluded from the warranty where the consumer does not use branded parts or repair services. In each, the FTC explained that "the warranty is conditioned on purchasers using authorized [brand] parts and accessories; otherwise, the warranty is void."[3]

---

[3] *Analysis of Proposed Consent Order to Aid Public Comment, In the Matter of MWE Investments*, F.T.C. File No. 2223012 (June 2022), https://www.ftc.gov/system/files/ftc_gov/pdf/2223012WestinghouseAAPC.pdf; *Analysis of Proposed Consent Order to Aid Public Comment, In the Matter of Harley-Davidson Motor Company Group, LLC*, F.T.C. File No. 2123140 (June 2022), https://www.ftc.gov/system/files/ftc_gov/pdf/2123140HarleyDavidsonAAPC.pdf; *Analysis of Proposed Consent Order to Aid Public Comment, In the Matter of Weber-Stephen Products*, F.T.C. File No. 2123139 (July 2022), https://www.ftc.gov/system/files/ftc_gov/pdf/6.27.22%20Weber%20Analysis%20to%20Aid%20Public%20Comment.pdf.

Nothing in the Manual states or implies that the Limited Guarantee will be void or inapplicable where the consumer does not use branded parts or repair services. The Limited Guarantee only includes a permitted exclusion for actual "*defect[s] resulting from*" reasons outside Nespresso's reasonable control, including "failure to follow the product instructions" or "unauthorized product modification or repair." Manual at 33. Plaintiffs ignore FTC guidance that expressly permits similar language. The FTC has explained that the MMWA does "not preclude a warrantor from expressly excluding liability for defects or damage *caused by* 'unauthorized' articles or service." 16 C.F.R. § 700.10(c) (the "FTC Guidance") (emphasis added). Plaintiffs' repeated statements that the Limited Guarantee is illegal and comparable to challenged provisions does not make it so.

Plaintiffs' comparison to a 2018 FTC warning letter to ASUSTek Computer Inc. on "warranty seals" is also irrelevant. *See* Opp. at 8. This letter has no persuasive value because it provides no analysis and never resulted in enforcement. Further, "warranty seals" are a different animal from the Limited Guarantee. A "warranty seal" voids an entire warranty where a special seal on the product has been damaged, yet the product cannot be repaired without damaging that seal. Businessperson's Guide to Federal Warranty Law, Diamond Decl., Ex. L, at 13, ECF No. 36-12. The SAC does not mention a warranty seal, let alone allege that the Machine employed one.

Plaintiffs further fail to establish that their tortured reading of the Manual to show "implied" conditioning is reasonable. *See* Opp. at 11-12. Plaintiffs' cases recognize that courts dismiss claims as a matter of law where the reasonable consumer standard is not sufficiently pled. *See Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 94–96 (S.D.N.Y. 2021). As it has before, this Court should dismiss the claims where context "provide[s] more than adequate information for a consumer." *Daniel v. Tootsie Roll Indus., LLC*, No. 17-cv-7541(NRB), 2018 WL 3650015,

at *11 (S.D.N.Y Aug. 1, 2018). As explained in the moving brief, no reasonable consumer would interpret the Manual's language as conditioning the warranty on use of Nespresso brand articles or services. Plaintiffs ignore that the reasonable consuming public would invariably read the statements in context for what they are – legitimate safety warnings consistent with Nespresso's duty as a manufacturer. MTD, at 12–13. Plaintiffs do not even address Nespresso's competing commitment to make clear safety warnings and that this obligation negates liability here.

### D.   Plaintiffs' Opposition Fails to Show They Alleged Damages under the MMWA.

Plaintiffs once again rely on straw-man tactics here, asserting that they adequately allege damages because they suffered "two forms of injury." Opp. at 2. However, this is not the actual test for damages under the MMWA. Plaintiffs must not allege mere "injury," but "actual damage" which was "proximately caused by [the defendant's] failure to [comply] …with the MMWA." *McGarvey v. Penske Auto. Grp., Inc.*, 639 F. Supp. 2d 450, 456 (D.N.J. 2009). While Plaintiffs seek to factually distinguish *McGarvey,* those purported distinctions are immaterial. Plaintiffs do not dispute that — just as *McGarvey* and other cases instruct — they must satisfy this higher "actual damage" standard. MTD, at 15.

Plaintiffs do not do so. Instead, Plaintiffs simply rehash their meritless standing arguments. However, these arguments fail to show "some additional injury has occurred [to Plaintiffs] as a result of a violation of the MMWA." *McGarvey v. Penske Auto. Grp., Inc.,* No. CIV. 08-5610 JBS/AMD, 2011 WL 1325210, at *7 (D.N.J. Mar. 31, 2011), *aff'd*, 486 F. App'x 276 (3d Cir. 2012). When stripped of their spin, Plaintiffs' arguments amount only to a claim they paid for a warranty that was technically illegal under the MMWA, and this alone resulted in Plaintiffs' alleged overpayment. This is insufficient. MTD, at 16. Plaintiffs' damages arguments also fail for the same reasons as their standing arguments, including that they do not allege compatible capsules are even available for the Machine. MTD, at 7.

### E. Plaintiffs Do Not Adequately Allege the Conduct Violates the NYGBL or MUDPBA.

Plaintiffs claim that "Defendant failed to inform Plaintiffs and the class that this implied condition was unlawful, despite Defendant having knowledge of the relevant FTC regulations." Opp. at 15. Plaintiffs then cite *Gomez-Jimenez v. New York Law School*, but this case states that omission-based claims are appropriate "where the business *alone* possesses material information that is relevant to the consumer and fails to provide this information." 956 N.Y.S.2d 54, 58 (App. Div. 2012) (emphasis added). Yet Plaintiffs do not (and could not) allege that Nespresso alone possessed any material information. SAC ¶ 128; *see Gordon v. Target Corp.*, No. 20-CV-9589 (KMK), 2022 WL 836773, at *11 (S.D.N.Y. Mar. 18, 2022) (dismissing NYGBL claim where information was publicly available). The Manual was posted online and readily available when Plaintiffs made their purchases on online retail sites. SAC ¶¶ 9, 11, 13. *Chiarelli v. Nissan North America, Inc.* is irrelevant because Plaintiffs do not allege any latent defect. *See* No. 14–CV–4327, 2015 WL 5686507 (E.D.N.Y. Sept. 25, 2015). These failures are fatal to Plaintiffs' claims.

Plaintiffs build a further house of cards, arguing that the challenged conduct violated the MUDBPA because it violated the MMWA. Opp. at 16. However, Nespresso's Limited Guarantee is lawful under the MMWA (and by extension the FTC Act). *See supra,* Section I.C.; MTD, at 10-11. Thus, this claim does not give rise to liability under the NYGBL and MUDBPA.

### F. Plaintiffs Fail to Show a Connection Between the Challenged Conduct and the Harm Required for the NYGBL or MUDPBA Claims.

Plaintiffs also argue they have shown "a connection between the misrepresentation and [] harm from, or failure of, the product" under the NYGBL and MUDBPA. Opp. at 17 (quoting *Fishon v. Peloton Interactive, Inc.*, No. 19-cv-11711 (LJL), 2020 WL 6564755, at *11 (S.D.N.Y. Nov. 9, 2020)). But Plaintiffs allege neither. Despite their claims, *Small v. Lorillard Tobacco Co.* does not allow them to plead deception "as both act and injury." 720 N.E.2d 892, 898 (N.Y. 1999).

7

Unlike the plaintiffs in *Amla*, Plaintiffs do not allege the Machine or capsules were "worthless." *In re Amla Litig.*, 282 F. Supp. 3d 751, 768 (S.D.N.Y. 2017). Unlike the plaintiffs in *Fishon*, Plaintiffs do not allege they did not receive features or benefits that they reasonably believed they were paying for. 2020 WL 6564755, at *11.

Theories of harm "premised on 'overpayment' for a product, or a loss of the benefit of the bargain, require an objective measure against which the plaintiff's allegations may be evaluated." *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 12 (1st Cir. 2017). A plaintiff cannot plausibly compare a product "to a completely different product in order to manufacture a price premium." *Housey v. Procter & Gamble Co.*, No. 21-cv-2286, 2022 WL 874731, at *8 (S.D.N.Y. Mar. 24), *aff'd*, No. 22-888, 2022 WL 17844403 (2d Cir. Dec. 22, 2022). This is exactly what Plaintiffs seek to do here, especially given the allegation that no compatible capsules exist. SAC ¶¶ 4-5. Plaintiffs must show a plausible causal connection for how the statements caused any price premium. *Smith v. Apple, Inc.*, 583 F. Supp. 3d 554, 566 (S.D.N.Y. 2022); *Hershenow v. Enter. Rent-A-Car Co. of Bos., Inc.*, 840 N.E.2d 526, 528 (Mass.), *aff'd sub nom.*, *Roberts v. Enter. Rent-A-Car Co. of Bos., Inc.*, 840 N.E.2d 541 (Mass. 2006).

**G.     Plaintiffs Do Not Plead Common Law Fraud Claims with Sufficient Particularity.**

Plaintiffs' Opposition does not analyze whether Plaintiffs have alleged fraud with particularity. Instead, Plaintiffs' Opposition purports to restate the law, and then simply cuts and pastes allegations from the SAC to support the conclusory assertion that the SAC is sufficient. *See* Opp. at 18-19. For the reasons stated in Nespresso's moving brief – all of which remain unaddressed – the SAC does not allege fraud with particularity. *See* MTD, at 20-21.

Even *Newell Brands* demonstrates that Plaintiffs' fraud allegations are subject to dismissal. The court in that case found the plaintiff failed to sufficiently plead fraud because (i) "the warranty [did] not explicitly state that its repair restrictions 'were binding and enforceable,'" and (ii) the

8

"[p]laintiff ha[d] not adequately alleged any reliance on this purported misrepresentation." 2023 WL 2033765, at *2. The SAC suffers from these exact same deficiencies. *See* MTD, at 20-22.

Plaintiffs' fraudulent omission theory also fails here. Unlike *Newell Brands*, Plaintiffs do not allege that they relied on any omissions in statements on the packaging. Instead, the Manual was readily available to Plaintiffs online at purchase. Courts have routinely held that reliance is not reasonable or justifiable where "both parties have available the means of ascertaining the truth." *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1542 (2d Cir. 1997).

For the reasons above, Plaintiffs also fail to adequately plead injury. *See Belcastro v. Burberry Ltd.*, No. 16-CV-1080, 2017 WL 744596 (S.D.N.Y. Feb. 23, 2017) (dismissing based on "conclusory" allegations of a price premium); *Shaulis v. Nordstrom Inc.*, 120 F. Supp. 3d 40, 54 (D. Mass. 2015) (dismissing for failure to allege a pecuniary loss), *aff'd*, 865 F.3d 1 (1st Cir. 2017).

### H. Plaintiffs Ignore that Unjust Enrichment Claims Cannot Stand Where There Are Alternative Remedies at Law.

Plaintiffs argue that they may plead unjust enrichment in the alternative, or that the decision should be deferred. Opp. at 21. This is incorrect when, as here, the unjust enrichment is clearly duplicative of the other causes of action. *Newell Brands*, 2023 WL 2033765, at *2 ("[T]he availability of other adequate remedies at law (the MMWA and Chapter 93A claims) mean that the unjust enrichment claim is not viable."); *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 MKB, 2015 WL 5579872, at *27 (E.D.N.Y. Sept. 22, 2015).

## II. STRIKING THE CLASS ALLEGATIONS IS NOT PREMATURE.

Contrary to Plaintiffs' claim, striking the national and state class allegations is not "premature." *See* Opp. at 21. Plaintiffs assert that Nespresso's moving brief "only cites out-of-Circuit case law." Opp. at 21. This is false. For example, the brief cites *Barrus v. Dick's Sporting Goods, Inc.*, 732 F. Supp. 2d 243, 253 (W.D.N.Y. 2010). There, the court held – based on the

9

complaint alone – that the plaintiff could not pursue a class action involving state law "causes of action that span the 36 state laws." *Id.* at 252. The Court explained that "the laws of those states are easily found" and no "discovery would yield any more relevant information." *Id*. at 251.

Plaintiffs do not attempt to address how this Court should reconcile significant differences in state law across Plaintiffs' nationwide Common Law class allegations, merely brushing these variations off as "vague." Opp. at 23. To the *Barrus* court and others, these variations were not "vague," but fatal to Plaintiffs' class allegations. Further, Plaintiffs' reliance on *Ebin v. Kangadis Food Inc.* is misplaced because the allegations there involved sales to only five states, while the putative class here likely spans all 50. Opp. at 23 (citing 297 F.R.D. 561, 570 (S.D.N.Y. 2014)).

Plaintiffs also contend that individualized proof for their national and state allegations are not required. Opp. at 24. However, Plaintiffs improperly rely on product labelling cases involving a "presumption that a customer would not have purchased the product for any other reason than the advertised one" because they "'necessarily had to rely on' the uniform misrepresentations." *Hart v. BHH, LLC*, No. 15cv4804, 2017 WL 2912519, at *8 (S.D.N.Y. July 7, 2017) (ultrasonic pest repeller did not repel pests); *see also In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 409 (S.D.N.Y. 2015) (grass seed did not grow grass); *In re Dial Complete Mktg. & Sales Pracs. Litig.*, 312 F.R.D. 36, 61 (D.N.H. 2015) (hand soap did not kill germs as advertised). No such presumption arises here, and the SAC contains no non-conclusory allegation that "hundreds of thousands" of coffee drinkers would not have purchased the Products for other reasons. Indeed, the SAC contains no particularized allegations of reliance at all. As a result, the nationwide class and state sub-class allegations should be stricken.

For these reasons, we respectfully urge the Court to dismiss the SAC or in the alternative to strike the class allegations asserted.

Dated: March 10, 2023

                                            Respectfully submitted,

                                            Linklaters LLP

                                            By:   /s/ *Adam S. Lurie*
                                            Adam S. Lurie
                                            Richard C. Smith
                                            601 13th St. NW
                                            Suite 400
                                            Washington, DC 20005
                                            (202) 654-9200
                                            adam.lurie@linklaters.com
                                            richard.smith@linklaters.com

                                            John W. Eichlin
                                            1290 Avenue of the Americas
                                            New York, NY 10104
                                            (212) 903-9291
                                            john.eichlin@linklaters.com

                                            *Attorneys for Defendant Nespresso USA, Inc.*